PATRICK O'KANE, Plaintiff in Error, *v.* EDMUND B. TREAT *et al.*, Defendants in Error.

ERROR TO RECORDER'S COURT OF THE CITY OF LASALLE.

That provision of the charter of the city of LaSalle, which exempts its citizens from paying taxes towards the construction of, or from laboring upon roads outside of that city, is unconstitutional; being in conflict with those provisions of the constitution which provide for an equality of taxation based upon valuation.

The city of LaSalle being within the town of that name, the corporate authorities of the town have the right to impose a road tax upon all the inhabitants within that town.

Those who complain of an illegal assessment of taxes, must show the fact affirmatively, if they desire relief.

THE inhabitants and tax payers of the city of LaSalle, defendants in error, filed their bill against O'Kane, the collector in the town of LaSalle, March 29th, 1861, alleging :

That by the charter of said city, the inhabitants of said city are exempt from working and from paying any tax to procure laborers to work on any road outside the city limits.

That at town meeting of the town of LaSalle, April 5th, 1859, resolved, "That fifty cents on each one hundred dollars assessed for 1859, be appropriated towards constructing a road across the Bottom, in the town of LaSalle, from the south boundary of the city to the Illinois river."

By the same meeting it was resolved "that the commissioners of highways be authorized to assess a road tax of forty cents on the $100 on real estate, in view of heavy expenses on account of the wet season.

That the commissioners of highways, in some way, employed Cody & Duncan to construct said road across the Illinois bottom.

That the moneys voted to be levied as aforesaid were levied on the property of complainants, in common with other tax payers, and, except delinquencies, was collected and paid out for the purposes indicated in said resolutions; and that no other taxes have been voted by the town of LaSalle since April, 1859.

That on March 27th, 1860, the town auditors of the town of LaSalle, allowed as charges against the town: John Cody, John Gray, and Thomas Keys, as highway commissioners, each, $100; Patrick Conway, as highway commissioner, $21; Cody & Duncan, as interest on note given by highway commissioners for making said road, $133.32; Cody & Duncan, as balance due them on construction of said road, $3,767.64.

That on the 8th of September, 1860, Cody & Duncan, claiming that the moneys paid them by said town for construction of said road, claimed before the auditors of said town, as a balance due them on said work, $1,485.08, which was by said auditors audited and allowed against said town; and at the same meeting, the highway commissioners reported to said town auditors, that there was due certain parties named in said report, as a balance for the construction of highways and bridges in said town, $1,753.35; which was also audited and allowed. And said auditors, at the same meeting, audited and allowed against said town, to wit: William Byrne and John Keys, as highway commissioners, each, $50; C. Zimmerman, as highway commissioner, $39.

That the aggregate of claims so audited and allowed, at said two meetings, by said board of auditors, was $7,599.39.

That said several sums, amounting to said aggregate, were, by the board of supervisors of LaSalle county, levied upon the tax payers of said town in proportion to their assessments for that year.

That complainants were included in said levy.

That said tax was extended on collector's book for said town against complainants.

That the whole town tax of said town amounts to "sixteen mills upon the dollar."

That complainants have no means of knowing the per cent. that has been levied upon them for road purposes.

That all the roads and bridges for which said taxes have been levied are without the city limits.

That the levy is illegal as against them; and insisting that they are exempt from taxation for road purposes beyond the city limits.

That the tax collector, Patrick O'Kane, is about to coerce the collection of said tax so extended on his tax book.

That O'Kane is pecuniarily irresponsible, and complainants are without remedy at law.

Prayer for an injunction against O'Kane, till the further order of the court, from collecting the "said road taxes," and for answer not under oath, and for a final decree enjoining him "from the collection of said illegal taxes," and for such other and further relief, etc.

Injunction *pendente lite* allowed March 27th, 1861.

The answer admits complainants are inhabitants and tax payers of said city, situated in the town of LaSalle, and county of LaSalle, and that the tax they seek to enjoin is levied upon property within the city of LaSalle.

Admits the adoption of the resolutions mentioned in the bill, at the town meeting of the town of LaSalle, of April 5th, 1859.

Admits that the commissioners of highways employed Cody and Duncan to construct the road mentioned in the bill, and says that it was done as follows:

That at the same town meeting, April 5th, 1859, in connection with the foregoing resolutions, the following resolution was adopted: "That the commissioners of highways are hereby authorized and required to let the construction of the road, for embankments, culverts, or bridges, from the south boundary of the city of LaSalle to the Illinois river, to the lowest responsible bidder;" and that said commissioners, in pursuance of the last resolution, let the contract for building said road and bridges to said Cody and Duncan, who furnished the materials for the same; and that, in pursuance of said contract, said Cody and Duncan constructed said road and bridges.

Admits that moneys voted by the resolutions mentioned in the bill, were levied, and, with the exception of delinquencies, collected, and paid out for the purposes indicated in said resolutions; and that no other moneys have been voted by said town, other than as above stated.

Admits that the board of auditors, at the meeting, March 27th, 1860, audited and allowed against said town, the several sums mentioned in complainants' bill, for the purposes stated in said bill.

And that, on the 8th September, 1860, said town auditors audited and allowed against said town of LaSalle, the sums mentioned in complainants' bill, for the purposes therein stated.

Says that said several claims, audited and allowed as above, including sums due Cody and Duncan, for constructing said road and furnishing materials for said bridges, under their said

contract, were reported to the board of supervisors of said county, and that said board, at their September session, 1860, by resolution, directed the county clerk to extend on the collection books of the various towns, the school taxes as returned by the school officers, and the district road taxes; also the following town taxes:

| Towns. | Town Taxes. |
| --- | --- |
| LaSalle. | 16 Mills. |

And that the collector's book, of the town of LaSalle, with said town tax of sixteen mills upon each dollar extended thereon, came into the hands of defendant, as town collector, and that said tax was levied on the inhabitants of said town, including the city of LaSalle, according to the assessed value of their property.

Admits the road and bridges in bill mentioned, are within the limits of the town of LaSalle, but without the limits of the city. And that said town tax of sixteen mills was levied by said board of supervisors, to pay off the indebtedness of the town of LaSalle, embracing the claims reported to them by the board of auditors, as aforesaid.

Admits his want of pecuniary responsibility, individually, and that at the time of filing the bill, he was about to collect said tax of sixteen mills, according to his tax list.

Says, that on his tax list, is a class of taxes called district road taxes, in a separate column, (other and different from the column of town taxes, to which this tax of sixteen mills belongs.)

Denies all other allegations in the bill, and the soundness of the legal conclusions therein.

The decree, entered May 7th, 1861, recites that defendant, having filed his answer, the cause was set down for hearing on bill and answer, on motion of complainants, and that upon the hearing it was decreed, " that the said defendant be forever enjoined from collecting from complainants, respectively, 12½-16ths of the town tax in said bill of complaint mentioned, and that each party pay their own costs."

T. L. DICKEY, E. S. HOLBROOK, and D. EVANS, for Plaintiff in Error.

E. F. BULL, for Defendants in Error.

WALKER, J. This record presents the question whether the inhabitants of the city of LaSalle are liable to the payment of a road tax imposed by the town of LaSalle under the township organization law. By the ,city charter, the inhabitants are

exempted "from working upon any road beyond the limits of the city, and from paying any tax to procure laborers to work upon the same." This provision has prevented the town authorities, from imposing upon the inhabitants of the city, the number of days labor required by the statute to be expended on the roads of the town. When they fix the number of days labor to be performed by each male inhabitant over twenty-one and under fifty years of age, residing within the township, this provision has exempted those residing in the limits of the city from the burthen. Nor would the power exist in the city or county authorities to levy a tax alone upon individuals residing within the city for the purpose of paying for labor performed upon roads outside of the city limits.

The question is, however, still unanswered whether the inhabitants of the city, although a part of the residents of the town, are liable to be taxed in common with all who reside within its limits, for the purpose of constructing roads beyond the limits of the city. The law organizing townships into separate political bodies, for the various purposes of their creation, has made each township a body politic and corporate. By our constitution, the principle of equality, based upon valuation, is adopted as the rule governing the levy and collection of taxes. Art. 9, Sec. 2, State Constitution. By the 5th section of the same article, it is provided that "the corporate authorities of counties, townships, school districts, cities, towns and villages, may be vested with power to assess and collect taxes for corporate purposes; such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same. And the General Assembly shall require that all property within the limits of municipal corporations, belonging to individuals, shall be taxed for the payment of debts contracted under authority of law."

That the city of LaSalle is within and as much a part of the town of LaSalle, as the latter is a part of the county, will not be controverted. The city, although a municipal corporation, is undeniably a part of the municipal corporation of the town of LaSalle, and is within its jurisdiction. That a road tax imposed by the town, under the law authorizing it, is a tax for corporate purposes, is equally true. The construction and keeping in repair the roads of the town, is one of the objects of the creation of these bodies, and the tax cannot be justly said to be for any other than a corporate purpose. It then follows that if it was the design of the legislature to exempt the inhabitants of the city from this common burthen, by this enactment, it was repugnant to the constitution, and is inoperative and void. The town authorities therefore had the right to impose

36

and collect this tax of all the inhabitants of the town, whether residing within or out of the city, and to have exempted the residents of the city, would not have been uniform in respect to persons and property within the jurisdiction of the town.

Again, we are unable, from this record, to see what portion of the tax imposed and extended by the board of supervisors, was designed to be applied to the payment of the contractors for the construction of this road. The complainants, in their bill, allege that they have no means of knowing the per cent. that was levied upon them for road purposes, and there was no evidence adduced to show what per cent. of this tax was levied for that purpose. If the town supervisor, road commissioners, and auditors had been examined, there is but little doubt that the amount could have been ascertained, or if the aggregate tax for town purposes had been shown, then it would have readily appeared what proportion the sum due for the construction of this road bore to the whole amount of the tax thus levied. But this was not done. It stands confessed that a portion of this tax is legally levied, and for authorized purposes, and the complainants were bound, before relief could have been granted, to show what part was illegal, even if the law had not contravened the constitution. Until that is done, it would be uncertain whether a portion of the legal tax was not restrained, to do which would be manifestly wrong and work great injustice.

We are, from these considerations, of the opinion that the decree of the court below should be reversed, the injunction dissolved, and the bill dismissed.

*Decree reversed.*