[No. 4,043.]

# WILSON *v.* SUPERVISORS OF SUTTER COUNTY.

TAXES CANNOT BE REMITTED.—The Legislature cannot authorize the Board of Supervisors of a county to remit a tax, or a part of a tax, within a specified district. An order of the Board attempting to do so is null and void, because in conflict with the provision of the Constitution, which requires taxation to be equal and uniform, and which requires all property to be taxed.

REMISSION OF TAXATION.—An Act authorizing a Board of Supervisors of a county to remit the taxes, or a part of the taxes, upon any portion of the property within a district is unconstitutional, even if the tax is imposed for local purposes to be expended within the district.

CERTIORARI to the Board of Supervisors of Sutter County.

Levee District No. 1, Sutter County, was organized under and by virtue of an Act of the Legislature of the State of California, entitled "An Act to provide for the protection of certain lands in the county of Sutter from overflow," approved March 25th, A. D. 1868, and consists of a large tract of land of said county, which is particularly described in said act of the Legislature. In 1868, an election was held in said district, in compliance with the third section of said act, at which a majority of the votes cast were in favor of raising such tax as is provided for by said act of the Legislature, for the purpose of constructing a levee, embankment or other works to protect said district from overflow; and at which an Assessor and Tax Collector for said district were duly elected. On the first Monday of October, 1873, in pursuance of section 19 of said act, said Board of Supervisors met and levied a tax of $1 50 on each one hundred dollars' valuation of the property in said district.

After the assessment roll of the year 1873 of Levee District No. 1 had been returned, and on the eighth day of October, 1873, the Board of Supervisors made an order that the taxes upon certain property in the district be remitted, in some cases wholly, and in others in part. The petitioner, a resident and taxpayer of the district, made this application to review the action of the Board in the premises.

*P. Vanclief* and *J. H. Chaddock,* for the Petitioner.

By the Court:

The order brought up for review by the writ of certiorari purports to have been made under the latter portion of section 20 of the act of March 25th, 1868 (Stat. 1867–8, p. 316), entitled "An Act to provide for the protection of certain lands in the county of Sutter from overflow." The section is as follows: " Sec. 20. The Board of Supervisors are hereby authorized and required to remit the taxes on all the property left between Feather river and the levee or embankment in District No. 1; and said Board in their discretion and for good cause shown, shall remit such other tax in said district as may to them seem just and proper." The Board before making the order complained of, had as a Board of Equalization acted upon the assessment roll for the district. The order remits specified portions, and in some instances all of the taxes charged in such roll upon the property of the several persons mentioned in the order.

It was held in *People* v. *Whyler*, 41 Cal., 351, that the act above mentioned provided for the levying of a tax on all the property within the several districts formed or to be formed by or under the act; and that the charge imposed upon property under the provisions of the act was a tax, and not an assessment. We adhere to that construction of the act.

The order under review, if valid, exempts from taxation certain property within the district, and exempts certain other property from a portion of the taxes charged upon it. The provisions of Sec. 13. Art. XI. of the Constitution, that "taxation shall be equal and uniform throughout the State," and that " all property in this State shall be taxed in proportion to its value, to be ascertained as directed by law," are applicable to taxes levied within any district in the State; and they require that where a tax is levied within any district, it shall be equal and uniform within such district, and that all property in the district shall be taxed in proportion to its value, to be ascertained as directed by

law.   An order which remits the taxes upon any property within the district, causes the taxation within the district to be unequal, and is virtually an exemption of such property, from taxation; and if the order remits a part of the tax on such property, the result is the same, it differing only in degree.   The clause of the twentieth section of the act above mentioned, providing that said Board in their discretion, and for good cause shown, shall remit such other tax in said district as may to them seem just and proper," and the order of the Board of Supervisors, purporting to remit such taxes, are, in our opinion, repugnant to the provisions of the Constitution above cited, and must be held null and void.

The order of the Board of Supervisors is set aside and annulled.