JOHN N. BAIRD *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS, for use, etc.

83     387
109a    322
e109a   323
109a    324

ROAD AND BRIDGE TAXES—*when payable to city authorities.* It is the duty
of the collector to pay to the treasurer of an incorporated city or town, that
portion of the taxes levied in the town, by the commissioners of highways,
on the taxable property within the city, for road and bridge purposes, under
sec. 120, ch. 121, R. S. 1874, and if he refuses to pay the same to the city it
may be collected by suit on his bond.

WRIT OF ERROR to the Circuit Court of Whiteside county;
the Hon. WILLIAM W. HEATON, Judge, presiding.

This was an action of debt, brought in the name of The
People of the State of Illinois, for the use of the City of Mor-
rison, against John N. Baird, Frank Clendenin, Frank D.
Ramsay, Warren Woods, Frank H. Robinson and Samuel W.
Robinson, upon the official bond of Baird, as township collec-
tor of the revenue.

The defendants interposed a demurrer to the declaration,
which the court overruled, and thereupon rendered judgment
for the plaintiff.

Mr. F. D. RAMSAY, for the plaintiffs in error.

Mr. GEORGE H. FAY, and Mr. I. G. JOHNSON, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The city of Morrison brings this suit for the purpose of recovering that portion of the taxes levied by the commissioners of highways of the town in which the city of Morrison is located, on the taxable property within the city, for road and bridge purposes, under and by virtue of § 120, chap. 121, R. S. 1874, p. 932, which have been collected by the defendant John N. Baird, as town collector.

The only question is, whether, under the law, the city or the treasurer of the commissioners of highways of the town is entitled to the money.

It is provided by § 123 of the same chapter: "The tax so collected shall be paid to the treasurer of the commissioners of highways, except as provided in section 16 of this act." * * Section 16 is: "The commissioners of highways shall assess a road tax on all real estate and personal property, liable to taxation, of the town, to any amount they may deem necessary, not exceeding forty cents on each one hundred dollars' worth, as valued on the assessment roll of the previous year: *Provided*, that the tax on property lying within any incorporated village, town or city, in which the streets and alleys are under the care of the corporation, shall be paid over to the treasurer of such village, town or city, to be appropriated to the improvement of roads, streets and bridges, under the direction of the corporate authorities."

It is contended by appellants, that the reference in § 23 to § 16 is to authorize the collector to pay over the tax excepted by that section from being paid to the treasurer of the commissioners of highways, and that it does not contemplate the tax levied under § 120. This, we think, is a clear misapprehension, both of the language and intent, of the statute. It is expressly provided by § 16, that the tax levied under that

section on property lying within cities, villages, etc., shall be paid over to the treasurer of the city or village, etc., and this could not reasonably be construed otherwise than that it was to be paid over by the person collecting it. The collector's duty, under this section, therefore, needed no explanation, nor did his powers need be more specifically defined with regard to that duty. The tax, when collected, was simply to be paid over to the designated treasurer, and since he, alone, was to collect it, there could be no one but him to pay it over.

The collection of delinquent taxes, levied under § 16, is provided for by § § 43, 44, 49 and 50, and § 123 can not have any reference to them. The words, "the taxes so collected," has reference to the tax provided to be collected by § 122, and it is, as clearly as language can be made to express anything, the tax levied under § 120, and directed to be extended on the collector's books by § 121.

It is said, why should the city expect any part of the tax with which to pay damages by reason of the opening, altering or laying out new roads? To our minds the answer is obvious. The city is burdened with the entire expense of laying out, improving, repairing, etc., all avenues of travel within its limits, whether they be called streets, boulevards, avenues, alleys, or roads or highways, and of constructing and repairing bridges, culverts, etc.; and it was deemed by the legislature to be unjust to burden it also with the expense incident to the public highway system beyond its limits. But the township system frequently necessarily includes cities within the towns, which are created as sub-divisions of the counties, and for which commissioners of highways are elected. In levying taxes the commissioners of highways observe the constitutional mandate of "uniformity within the jurisdiction of the body imposing the same," and thus extend the tax alike within as beyond the city limits, throughout the town; but when collected, that arising from property within the city is to be used within the city, and that from property beyond its limits is to be used beyond its limits. There is, it is true, in this, an apparent incongruity, and, it may be, injustice, but

we do not feel called upon to discuss either its wisdom or justice, but leave these for the consideration of the legislature. We merely speak of the system as, in our apprehension, it is. That we are not mistaken in our view we think is further manifest from § 166, of the same chapter, which is as follows: "Where any city or town has or may become incorporated under a special law, or under a general law authorizing cities to become incorporated, no requisition, in labor or money, from the citizens thereof, on property within said corporation, shall be required to improve roads in the county, different from the grant in the charter; but they shall be required to work and pay a tax to improve the streets and roads, and such improvements as shall be specified in the charter or, within the limits of the incorporation, so long as the charter or incorporation shall remain in full force." * *

It is conceded that the city of Morrison is incorporated under the general law relating to cities, and by it is granted to the city the entire control of everything which relates to the opening, improving or repairing of public ways, bridges, culverts, etc., within the city limits. See chap. 11, R. S. 1874, p. 218, art. 5, § 1.

In our opinion, the court below properly held the tax was payable to the city, and the judgment will, therefore, be affirmed.

*Judgment affirmed.*