City of Galena et al. v. Commissioners of Highways, etc. et al.

THE CITY OF GALENA ET AL.

v.

THE COMMISSIONERS OF HIGHWAYS, ETC., ET AL.

2 . 255
e109  324

TAX FOR BRIDGE AND OTHER PURPOSES—ASSESSED IN VILLAGE—TO WHOM PAID.—Under the act of 1877, in relation to roads and bridges in counties under township organization, all the tax for repairs of bridges

and other purposes, mentioned in the second clause of Sec. 81 of said act, assessed and collected on property within the corporate limits of a village or city should be paid over to the treasurer of such village or city.

Error to the Circuit Court of Jo Daviess county; the Hon. John V. Eustace, Judge, presiding.

Messrs. D. & T. J. Sheehan, for plaintiffs in error; that the tax collected on property within the village should be paid over to the treasurer of the village, cited Baird v. The People, 83 Ill. 387; Cooper v. Ash, 76 Ill. 11; O'Kane v. Treat, 25 Ill. 560; Session Laws 1873, 168, § 16.

Messrs. W. Weigley & Son, for defendants in error.

Pleasants, J.   This case comes here from Jo Daviess county, by agreement of the parties, and the record presents for construction the excepting clause in § 84 of the "Act in regard to Roads and Bridges in Counties under Township Organization," approved May 26, 1877.

Pursuant to the second clause of § 81 of that act, a tax of $2,500 was levied for the year 1877, in the town of West Galena, which includes, with other territory, four wards of the city of Galena.   Of this sum, $1,905.48 was collected upon property lying in said wards.   The city, which was by law entrusted with the exclusive care and control of streets, alleys and bridges within its limits, demanded of the collector that he pay over the amount so collected to its treasurer.   The commissioners of highways of the town demanded that he pay it to theirs. Under these circumstances he declined to pay it to either without a proper order of court for his protection.   Thereupon this bill was filed on behalf of the city to compel its payment to the city treasurer, and to enjoin the commissioners in respect thereto.   Answers were put in by the commissioners and collector, and a replication to that of the commissioners filed.

On final hearing upon these pleadings, from which the above facts appear, the Circuit Court decreed that the money be paid to the treasurer of the commissioners of highways, and dismissed the bill at the cost of the complainants, who thereupon prosecuted this writ of error.

By said section it is enacted, first, that the commissioners of highways of each town shall annually ascertain how much money must be raised by tax on real and personal property, "for the making and repairing of roads, only," not exceeding forty cents on each one hundred dollars, and certify the same as thereinafter provided: "*Provided*, that the tax on the property, levied for road purposes, lying within an incorporated village, town or city, in which the streets and alleys are under the care of the corporation, shall be paid over to the treasurer of such village, town or city," etc., and

Second, that they shall annually ascertain how much must be raised "for the making and repairing of bridges, the payment of damages by reason of the opening, altering and laying out of new roads, the purchase of the necessary tools, implements and machinery for working roads, the purchase of the necessary materials for the building or repairing of roads and bridges during the ensuing year, and for the payment of any outstanding orders drawn by the commissioners on their treasurer; and shall levy a tax on all the real and personal property in said town, not exceeding forty cents on each one hundred dollars. And they shall give to the supervisor of the township a statement of the amount as hereinbefore provided, necessary to be raised, to be by him submitted to the board of supervisors on or before the Tuesday next preceding their annual September meeting, for their action at said meeting; and said board shall cause the same to be entered on the tax books."

Section 82 provides that, "according to the amount certified as aforesaid, the county clerk, when making out the tax books for State and county taxes for the collector, shall extend the necessary tax in a separate column against each tax payer's name or taxable property, as other taxes are extended, which shall be collected in the same manner as State and county taxes."

Section 83 makes it "the duty of the county clerk to make out and deliver, on demand, to the treasurer of the commissioners of highways, a certificate of the aggregate amount of tax so levied and placed upon the tax books;" and

Section 84 requires "that the tax so collected shall be paid to

the treasurer of the commissioners of highways (except as provided in the first clause of § 81 of this Act), by the collector, as fast as the same is collected, except such rate per cent. as shall be allowed for collecting the same."

The only question is whether the clause in parenthesis above, excepts from the requirement of payment to the treasurer of the commissioners so much of the tax mentioned in the *second* clause of said section 81, *viz:* the tax levied "for the making and repairing of bridges," etc., as is collected upon property lying in the city, or only so much of that mentioned in the *first* clause of said section, viz: the tax "for the making and repairing of roads, only," as is so collected.

In the Act bearing the same title, approved April 11, 1873, and which constitutes the first one hundred and twenty-three sections of Chap. 121 of the R. S. of 1874, were contained provisions substantially corresponding in terms with those of the several sections above referred to, although differing in their order or arrangement. Thus § 16 of the earlier Act corresponds with the first clause or paragraph of § 81 in the later, with the variations that the tax thereby provided to be assessed is described more generally as "a road tax," and the tax mentioned in the proviso to be paid to the treasurer of the incorporated village, town or city, also more generally as "the tax on property lying within any incorporated village," &c., which are immaterial, since the "road tax" of the one is evidently identical with "the tax" for making and repairing roads, only," of the other, and "the tax on property,"etc., with "the tax on the property, levied for road purposes."

So § 120 of the earlier act is the same, with a single omission, as the second clause or paragraph of said section 81, so far as the description of the tax therein provided for is concerned, and follows up this description with precisely the same provision as to the statement of its amount to be made by the commissioners to the supervisor, and the action to be thereon taken by him and by the board.

Sections 121 and 122 of the former are identical in terms with sections 82 and 83 of the latter, and section 123 requires " that the tax so collected shall be paid to the treasurer of the

commissioners of highways, *except as provided in section* 16 *of this act,* by the collector, as fast as the same is collected, except such rate per cent. as shall be allowed for collecting the same" —which is identical in substance with section 84 of the act of 1877.

In the case of Baird v. The People, for use, etc. 83 Ill. 387 reported since the decree in question here was rendered, the Supreme Court expressly decided that the excepting clause in said § 123 did relate to the tax mentioned in § 120—the road and bridge tax—and that so much of it as was raised upon property in the city must be paid over to the treasurer of the city; and it must be conceded that if it is applicable to the corresponding section (84) of the act of 1877, it is decisive, as authority, against this decree.

We perceive no sufficient reason for holding it inapplicable.

In the act of 1873 the two taxes, and the provisions for the levy, collection and disposal of them respectively are kept distinct. The road tax alone is referred to in § 16, and the other provisions in relation to it are found in §§ 17, 18, 43, 49 and 50. The road and bridge tax alone is referred to in § 120; and § 123, which contains the excepting clause construed by the Supreme Court, being connected with it by continuous and germane provisions, is therefore more clearly seen to relate also to that tax. What is required by the latter section to be paid to the treasurer of the commissioners is none other than the road and bridge tax, and the exception in it must be of a portion of the same. Otherwise it would not be an exception. Nor was any provision for the disposal of the road tax necessary in this section, since it had already been fully made in § 16.

In the act of 1877 the two taxes are treated together. The ascertainment of the amount of each is required in § 84, although separately in different paragraphs; and the mode of levying them—which seems to be by the action of the board of supervisors, upon a statement of the amount, transmitted to it by the commissioners through the township supervisor— is prescribed by one provision in the same section. If so, the following sections, 82, 83, 84, would seem to apply to both. By the latter, then, both would be required to be paid over to

the treasurer of the commissioners, except as therein otherwise provided, and so the exception, as such, would be sensible if it related to so much of the road tax only as was raised upon property lying within the city—that being a portion of the tax referred to in the body of the section.

This appears to be the principal difference between the two acts affecting the question under consideration. The argument from it against the applicability of the decision in Baird v. The People receives no material aid from the differences in phraseology of the corresponding provisions in them, which have been referred to by counsel or discovered by us, and of itself is insufficient; for if the body of § 84 refers to both taxes, then the excepting clause must apply to such part of both or either as falls within the description intended by it; and that description is furnished by the proviso referred to, in the first clause of § 81, according to the Supreme Court's construction of a precisely equivalent clause, by the designation, not of the tax, but of the *situs* of the property from which it is raised. The language excepts not " what is excepted," but " as is provided "—that is, in like manner, upon the same ground as in the first clause of said § 81. And every reason of policy and justice for the adoption of that ground of exception, as to the road tax, applies with equal force to the road and bridge tax.

We are of opinion, then, that the money in question here should be paid over by the collector to the city treasurer, and not to the treasurer of the commissioners of highways; and that the decree of the Circuit Court to the contrary was erroneous. Said decree is, therefore, reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.