CYRUS McFARLAND ET AL.

v.

THE PEOPLE, use, etc.

ROAD TAX—TO WHOM PAID WHEN COLLECTED IN VILLAGE.—The tax for road and bridge purposes levied and collected within the corporate limits of a village, under the provisions of the second clause of section 81 of the road law of 1877, should be paid over to the treasurer of the village, and not to the treasurer of the commissioners of highways.

APPEAL from the Circuit Court of Champaign county; the Hon. J. W. LANGLEY, Judge, presiding.

Mr. THOMAS J. SMITH, for appellants; that the tax should be paid to the treasurer of the commissioners of highways, cited Laws of 1877, 196, § 81.

A proviso in a statute refers to what has gone before, not to what follows: Boon v. Juliet, 1 Scam. 258.

As to the constitutionality of the act: O'Kane v. Treat et al. 25 Ill. 557; Hunsaker v. Wright et al. 30 Ill. 146; Cooley's Constitutional Lim. 488; Constitution 1870, Art. 9, § 1.

The column in which a tax is to be extended cannot control the purpose for which it is used: Thatcher v. The People ex rel. 79 Ill. 597.

Mr. E. S. SMITH and Mr. E. L. SWEET, for appellee; cited Baird v. The People, 83 Ill. 387; Laws of 1877, 196, §§ 81, 84; Galena v. Com'rs of Highways, 2 Bradwell, 255.

HIGBEE, P. J. The only question presented by this record is: Who is entitled to receive from the town collector the moneys levied and collected from property within the village of Rantoul under the provisions of the second clause of section 81, Statutes of 1877, concerning roads and bridges; the commissioners of highways, or the treasurer of the corporate town of Rantoul?

Sections 81 and 84 are as follows: Sec. 81, (Tax of Town or Village, &c., how paid—how extended). *First.* "The commissioners of highways of each town shall annually ascertain as near as practicable how much money must be raised by tax on real and personal property for the making and repairing of roads only, to any amount they may deem necessary, not exceeding forty cents on each one hundred dollars' worth, as valued on the assessment roll of the previous year, and certify the same as hereinafter provided; *Provided,* That the tax on the property levied for road purposes lying within an incorporated village, town or city, in which the streets and alleys are under the care of the corporation, shall be paid over to the treasurer of such village, town or city, to be appropriated to the improvement of roads, streets and bridges, either within or without said village, town or city, and within the township, under the

McFarland et al. v. The People.

direction of the corporate authorities of such village, town or city; *Provided further*, that when any of said tax is expended beyond the limits of said village, town or city, it shall be with the consent of the road commissioners of the township. *Second*. They shall annually ascertain, as near as practicable, how much money must be raised by tax on real and personal property, for the making and repairing of bridges, the payment of damages by reason of the opening, altering and laying out of new roads, the purchase of the necessary tools, implements and machinery for working roads; the purchase of the necessary materials for the building or repairing of roads and bridges during the ensuing year; and for the payment of any outstanding orders drawn by the commissioners on their treasurer, and shall levy a tax on all the real and personal property in said town, not exceeding forty (40) cents on the one hundred dollars ($100). And they shall give to the Supervisor of the township, and in Cook county to the county board, a statement of the amount as hereinbefore provided for, necessary to be raised, signed by said commissioners or a majority of them, on or before the Tuesday next preceding the annual September meeting of the board of supervisors, or the county board of Cook county, who shall cause to be submitted to said board, for their action at such September meeting of said board, and said board shall cause the same to be extended on the taxbooks."

§ 84. (To whom tax paid when collected.) "The tax so collected shall be paid to the treasurer of the commissioners of highways (except as provided in the first clause of section 81 of this act,) by the collector, as fast as the same is collected, except such rate per cent. as shall be allowed for collecting the same."

The words *for road purposes* in the proviso to the first clause of section 81 are not limited to that clause in the section, but they refer to and include all taxes to be levied under that section, as well under the second as the first clause, and require all taxes collected under that section from property in the village, to be paid to the corporate authorities of the village.

The 84th Sec. only requires the collector to pay to the treasurer of the commissioners of highways so much of the tax as is

not excepted in Sec. 81, and this exception, we have seen, includes all the taxes collected under both clauses of the section from persons or property within the village.

It follows, therefore, that it was the duty of the collector to pay to the treasurer of the commissioners so much of the tax as was derived from property outside of the corporate village; and to the treasurer of the village of Rantoul that part which was collected from property within the corporation.

In this construction of the statute we are fully sustained by the case of Baird v. The People, 83 Ill. 387; West Galena v. White, 1st Appellate Court District, Oct. Term, 1878.

Judgment affirmed.