[No. 8,070.—In Bank.]
Jan. 20, 1882.

## WILLIAM H. MARTIN *v.* FRANK K. ASTON.

ROAD TAX—ROAD PROPERTY TAX—CITY OF SANTA CRUZ—MUNICIPAL CORPORATION.—Under Section 2664 of the Political Code, the road tax and property tax provided for in the preceding sections can not be levied or collected from the inhabitants or property of incorporated towns and cities, which by municipal authority levy such taxes for the streets and alleys thereof.

APPEAL from a judgment for the plaintiff in the Superior Court of Santa Cruz County. LOGAN, J.

Action of replevin. The property was taken by the defendant, who was Assessor of Santa Cruz County, for road

property tax, under Sections 3820 and 3821 of the Political Code. The twelfth finding, referred to in the argument of appellant's counsel, was as follows:

"Twelfth. That said city levied and collected for the fiscal year A. D. 1880–81, upon all the property in said city, the following tax: for the Fire Fund of the city, seven cents on each one hundred dollars; for the purpose of sewerage and drainage of said city, five cents on each one hundred dollars; for the General Fund of said city, thirty cents on each one hundred dollars."

A petition for rehearing in this case was filed, and denied.

*J. M. Lesser*, for Appellant.

Section 2664 of the Political Code, in so far as it exempts property within the county from taxation, is unconstitutional and void. (Const. Cal., Art. iii, § 1; *United States* v. *Riley*, 5 Blatch. 204; *People* v. *Townsend*, 56 Cal. 633.)

The effect of Section 2664 is virtually to exempt the property situated in the municipal corporation of Santa Cruz from the county road tax, and must be treated as an exemption of the property from its share of the burden.

In *Wilson* v. *Supervisors of Sutter County*, 47 Cal. 91, the Court said: "An order which remits the taxes upon any property within the district causes the taxation within the district to be unequal, and is virtually an exemption of such property from taxation." The Act of the Legislature authorizing the remission was held unconstitutional and void.

This property road tax, to the extent of twenty per cent., at all events, is a tax for general county road purposes. (§ 2653, Political Code.) And the exemption of property, in municipalities, from the payment of this tax, necessarily deprives the general county road fund of the proportion which the property in the municipality should contribute for general county road purposes. This creates an inequality in taxation which the Legislature had no authority to make, and the section creating the inequality must be unconstitutional and void.

The rate of taxation must be uniform throughout the division for which it is levied. A State tax must be uniform throughout the State; a county tax throughout the county.

(*East Portland* v. *Multnomah County,* 6 Or. 62; Cooley on
Taxation, 180; *Knowlton* v. *Supervisors,* 9 Wis. 410; *Prim*
v. *City of Belleville,* 59 Ill. 142; *Madison County* v. *The People,* 58 id. 456; *Dunham* v. *City of Chicago,* 55 id. 361; *The
City of Zanesville* v. *The Auditor of Muskingum County,* 5
Ohio St. 589, 593.)

Because the city of Santa Cruz is a municipal corporation,
having the right to levy certain taxes, it is no less a portion
of the County of Santa Cruz. (*Fletcher* v. *Oliver,* 25 Ark.
289, 296.)

In comparing Section 2664 of the Code with similar laws
enacted in other States, we find that in Arkansas and Illinois
the matter has been fairly adjudicated. (*Fletcher* v. *Oliver,*
25 Ark. 289; *Cooper* v. *Ash,* 76 Ill. 11; *O'Kane* v. *Treat,* 25
id. 557; *Trustees* v. *McConnel,* 12 id. 138; Cooley on Taxation, 114, 115.)

Second. The municipal corporation of the City of Santa
Cruz does not levy a property road-tax "for the streets and
alleys thereof."

Section 2664 of the Political Code reads as follows: " The
road-tax and property-tax, herein provided for, must not be
levied or collected from the inhabitants or property of incorporated towns and cities, which, by municipal authority, levy
such taxes for the streets and alleys thereof."

The road law provides for two classes of taxes for road
purposes; one called the road-tax, the other a property-tax;.
the former being a *per capita,* while the latter is an *ad valorem* tax.

The proper construction of Section 2664 appears to be, that.
if either of these taxes is not levied or collected by the city,
the one unlevied and uncollected is payable to the county.
The intention of the Legislature was, that the road *per capita*
tax should be collected from the inhabitants of the whole
county, except where the city, by authority, levies such *per
capita* tax for street purposes; and again, the property *ad
valorem* tax should be levied on the property of the whole
county, excepting such as is situated within the incorporated
cities, which, by municipal authority, levy such property *ad
valorem* tax for street purposes. So that, if the plaintiff in

this case claims his exemption from the property tax, he must show that the City of Santa Cruz did levy such property *ad valorem* tax for street purposes.

The twelfth finding of the Court shows what taxes the city levied and collected, and speaks of the fire fund, the sewerage and drainage fund, and the general fund. There is no *ad valorem* tax levied for a street fund.

In order to claim the exemption of the property within the incorporation from the taxes, it must be affirmatively shown that an *ad valorem* tax for street purposes was levied by the city of Santa Cruz.

A tax for general purposes does not include the special purpose of streets and alleys, any more than it includes a fire department, or a sewerage or drainage system. The money collected must be used for the purposes for which it is levied. (Dill. on Munic. Corp., § 765.)

Third. The charter of the city of Santa Cruz does not authorize the city to levy such tax "for the streets and alleys thereof."

Municipal corporations can levy no taxes, general or special, upon the inhabitants or their property, unless the power be plainly and unmistakably conferred. (Dill. on Munic. Corp., § 763; *Caldwell* v. *Rupert,* 10 Bush (Ky.), 182; *Sewall* v. *St. Paul,* 20 Minn. 511; *Jeffries* v. *Lawrence,* 42 Iowa, 498; 2 Dill. on Munic. Corp., §§ 763, 764; Cooley on Taxation, 209.)

The exemption, if any there be (as is claimed by the respondent), must be authorized by statute in a clear manner, and the party desiring the advantage of an exemption must bring himself clearly and without equivocation within the exemption before being entitled to the advantages derived from it. (Sedgwick on Stat. and Const. Law, § 466; *Bailey* v. *Magwire,* 22 Wall. 226; Cooley on Taxation, 146.)

*A. E. Bolton* and *Charles B. Younger,* for Respondent.

The city of Santa Cruz is an independent road district, duly incorporated and empowered to maintain her own streets, and having exclusive control and jurisdiction thereof.

The Act of the Legislature of the State of California, incorporating the city of Santa Cruz, provides as follows, Stat.

1875–1876, p. 192, § 9 : "It shall have power  *  *  *  to lay out, alter, open, vacate, improve, cleanse, water, and repair streets." This the city has done.

The Courts of other States have settled this point. (*The State* v. *Jones*, 18 Tex. 874; *Goddard, Petitioner*, 16 Pick. 503; *Taintor* v. *The Mayor and Common Council of Morristown*, 33 N. J. L. 57; *Cross* v. *Morristown*, 18 N. J. Eq. 305; *Fox* v. *The City of Rockford*, 38 Ill. 454; *Indianapolis* v. *Croas*, 7 Ind. 9; *Lafayette* v. *Jenners*, 10 id. 79; *Town of Ottawa* v. *Walker*, 21 Ill. 608.)

There can be no doubt from the foregoing that the City of Santa Cruz is an independent road district, having exclusive control of its streets and alleys, and that no part of the general road fund can be expended within its limits. (*People* v. *Townsend*, 56 Cal. 633; *Knox* v. *Board of Supervisors of Los Angeles County*, 58 id. 59; *Wells* v. *City of Weston*, 22 Mo. 384; Cooley on Taxation, 105, 109; *Hingham & Quincy Bridge Co.* v. *Norfolk*, 6 Allen, 353; *Tilford* v. *Douglass*, 41 Ind. 580; *Town of Pleasant* v. *Kost*, 29 Ill. 494.)

It is in violation of the Constitution of this State in relation to taxation.

1. Article xi, Section 12, of our Constitution, provides: "The Legislature shall have no power to impose taxes upon counties, cities, towns, or other public or municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes, but may by general laws vest in the corporate authorities thereof the power to assess and collect taxes for such purposes. (*People* v. *Parks*, 58 Cal. 624.)

2. "All property in the State, not exempt under the laws of the United States, shall be taxed in proportion to its value, to be ascertained as provided by law." (Const., Art. xiii, § 1.)

That "taxation must be uniform and equal," is no more than saying each district must pay as it is benefited. (*Weeks* v. *City of Milwaukee*, 10 Wis. 258; Cooley on Taxation, 104.)

3. To collect this tax would be taking private property without compensation. (*People* v. *Townsend*, 56 Cal. 633; *Wells* v. *The City of Weston*, 22 Mo. 384; Cooley on Taxation, 105.)

If the Board of Supervisors is authorized to levy a road-

tax, by Section 2664 of the Political Code of this State, the tax can not be levied or collected from the inhabitants or property within the City of Santa Cruz.

It is observable of this section that it has been the law since the adoption of the Codes, and has never been repealed or changed.

It is argued that this section is unconstitutional, in that it violates that provision of Article xiii, Section 1, which provides that "all property shall be taxed in proportion to its value." Such would, without doubt, be the case if the inhabitants and property within the city or town were relieved from taxation. Such is not the provision of the section. It provides, in substance, that the city must maintain its own streets and alleys, and, when it so maintains them, then its inhabitants and property will be relieved from taxation for roads outside of the city. When this is done by a city, the county at large is relieved from the burden of maintaining such roads and streets. (*Hunsacker* v. *Wright*, 30 Ill. 147; *Board of Supervisors* v. *Campbell et al.*, 42 id. 490; *Tilford* v. *Douglass*, 41 Ind. 580; *Cooper et al.* v. *Ash*, 76 id. 11.)

The doctrine of commutation has been passed on in a number of States, the Constitutions of which provide for equal and uniform taxation. (*O'Donnell* v. *Bailey*, 24 Miss. 386; *Gardner* v. *The State*, 21 N. J. L. 558; *Daughdrill* v. *Alta Life Ins. & Trust Co.*, 31 Ala. 91; *M. & St. P. R. R.* v. *Crawford Co.*, 29 Wis. 116; *Osborn* v. *N. Y. & N. H. R. R.*, 40 Conn. 491.)

It is argued by appellant that the City of Santa Cruz does not levy a property road-tax. The record shows that the City of Santa Cruz levies a tax upon all the property within the city for a general fund. That out of this fund so raised in compliance with the Charter of the city, the Street Commissioner has been paid. It is his duty to open, repair, and keep the streets of the city, etc. And he has so done.

The record shows that a portion of the streets of the City of Santa Cruz are accepted streets. The streets must be kept up and in repair out of the general fund. (Stats. 1875–1876, p. 198, § 23.)

The COURT:

Under the Charter of the City of Santa Cruz (Stat. 1875–

1876, p. 189, etc.), the Common Council of the city has power to lay out and improve streets within the city, and to raise money therefor by assessment and taxation.   The Court below found that all the streets and alleys within the city limits are wholly maintained, improved, and kept in repair by the city.   Therefore, according to Section 2664, Political Code, the appellant had no authority to collect taxes for road purposes from inhabitants of or property within the city.

Judgment affirmed.