THE BOARD OF COMMISSIONERS OF GUNNISON COUNTY v. OWEN ET AL.

1. The provision in the statute (Laws 1879, p. 159, sec. 1), concerning taxes for road purposes, exempting from such taxes all property within the limits of incorporated towns or cities, is in conflict with sections 3 and 6 of article X of the state constitution, and is therefore void.

2. Had the legislature undertaken to commute this tax for an equivalent burden to be borne by cities and towns, or provided that the tax collected from property within such corporations should be expended on the streets thereof, or declared that a similar and equal tax should be collected and expended therein, the objection might have been obviated.

3. The unconstitutionality of one part of a statute does not necessarily render the residue thereof void.

*Appeal from County Court of Gunnison County.*

THE case is stated in the opinion.

Messrs. HEIMS and BROWN and Mr. THOS. C. BROWN, for appellant.

Mr. W. D. BECKETT and Messrs. ROGERS and CUTHBERT, for appellee.

HELM, J.   By the single assignment of error presented in this case, we are called upon to determine the constitutionality of section 1 of an act to amend chapter 88 of the General Laws.

This amended section reads as follows: "The board of county commissioners of the respective counties of the state may levy a property tax for road purposes, which shall not exceed $1 on each $100, to be levied and collected in the same manner and at the same time as other property taxes are levied and collected in each year; but all property included within the limits of incorporated towns or cities shall not be subject to the tax." Session Laws 1879, p. 159.

This action was brought, and must be determined, under the laws on the subject as they existed prior to 1883.

It is contended, and the county court held, that the last clause of the foregoing statute is void, because it is in violation of sections 3 and 6 of art. X of the state constitution. The former section of this instrument provides that: "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax," etc.  *  *  *

The latter declares that "all laws exempting from taxation property other than that hereinbefore mentioned, shall be void."

The property relieved from the road tax by the act of 1879 is not among the exemptions above referred to.

In this state there is no township organization; neither is there any road districting within the county, such as exists in some of the other states. By statute, the county commissioners are commanded to divide their respective counties into suitable road districts. But this division of the county has no bearing or effect whatever upon the assessment and collection of the property tax in question, except that the district overseers perform certain duties when the same is delinquent. The county commissioners control exclusively the assessment thereof throughout the entire county; they also apportion and disburse the revenue therefrom as in their judgment is for the best interests of all the citizens of the county;

the collection thereof is made in the same manner and by the same officers as that of other county taxes. In short, under our laws, for the purpose of assessing, collecting and disbursing the "property tax for road purposes," each county constitutes but a single road district.

The county commissioners are "the authority levying the tax;" the boundaries of the county are the "territorial limits" of the "authority levying the tax."

The tax under consideration is strictly an *ad valorem* charge, and must be "uniform" upon all property within the county not exempt from taxation.

But realty and personalty within the corporate limits of a city or town are as much a part of the taxable property of the county as are farms and chattels outside such corporate limits. There seems to be no escape from the conclusion that a legislative declaration entirely exempting the former from payment of the tax in question is in conflict with the constitutional inhibition, and, therefore, void.

In Illinois this view was adopted with reference to the power of township authorities to levy a similar tax upon property within a city located in the township. *O'Kane v. Treat et al.* 25 Ill. 557. See *Fletcher v. Oliver*, 25 Ark. 289; *Wilson v. Supervisors of Sutter County*, 47 Cal. 91.

Had the effort been made to relieve property within towns and cities from bearing its proportion of the cost of constructing a court-house or other county building, there would probably have been no dispute as to the unconstitutionality of the statute. But it is argued that the city has to construct, and keep in repair, its streets, bridges and culverts; that for the expenses thus incurred only property within the corporate limits is answerable, and therefore that it is inequitable to tax this property for the maintenance of the county highways.

We may agree with counsel upon these propositions, and we may venture the opinion that the legislative intent, in the provision we are now considering, is be-

neficent and wise.    But our answer to the argument must be, that the exemption, *as declared* in the statute, is forbidden by the constitution, and we should not, by misconstruction of the latter instrument, attempt to do away with the apparent injustice.

Had the legislature undertaken to commute this tax for an equivalent burden to be borne by the towns and cities, or had it declared that the tax thus collected from property within such corporations should be expended upon the streets thereof, or that a similar or equal tax should be collected and expended, the objection might have been obviated.    See *Baird et al. v. The People,* 83 Ill. 387; *Cooper v. Ash,* 76 id. 17.    And it is possible that if the statute prohibited the collection of this tax upon property within towns and cities which "levy such taxes for the streets and alleys thereof," a different conclusion might be reached.    See *Martin v. Aston,* 60 Cal. 63. Construing the law as we find it, however, we are constrained to hold the latter part of it void.

But the unconstitutionality of one provision in a statute does not necessarily render the entire statute or section void. *Trippe v. Overacker et al.* (*ante,* page 72), and citations.

If, from the amended section of 1879, before us, the objectionable sentence were stricken out, a perfect law would remain; there would be left the identical statute adopted by the legislature of 1877.    We do not feel justified in concluding that the legislature intended to have the whole section stand or fall with the exemption provision subsequently added.    We think the valid portions thereof are not so "connected with" or "dependent upon" the void provision as to fall with it.

The statute may be regarded as if no such amendment or addition existed.

The county commissioners of Gunnison county did not so interpret and apply the law, however, and therefore the judgment in this case must be affirmed.

*Affirmed.*