[No. 4141.]

The Town of Fairplay v. The Board of County Commissioners of Park County.

1. Statutes—Constitutional Law—Taxes and Taxation—Road Tax.

Section 3953 Mills Ann. Stats. authorizing the board of county commissioners to levy a property tax for road purposes and providing that at the time of such levy the board shall order that such proportion of the tax levied upon property located in any city or incorporated town as to the commissioners shall seem just and proper, shall be paid to the corporate authorities of such city or town to be used for the sole purpose of improving the streets, alleys and public highways of such city or town is not unconstitutional as being an attempt to indirectly exempt towns and cities from the payment of taxes.

2. Cities and Towns—Estoppel.

The equitable doctrine of estoppel *in pais* is applicable to cities and towns.

3. Laches—Demurrer—Practice.

Laches is not a ground for demurrer. The party against whom laches is suggested as a defense should have full and ample opportunity to make the necessary explanation.

4. Taxes and Taxation—Road Tax—Discretion of County Commissioners—Cities and Towns.

Section 3953 Mills Ann. Stat. authorizing the board of county commissioners to levy a road tax leaves it to the discretion of the board whether any part of such tax shall be apportioned to the cities and incorporated towns of the county, and where the board does make an apportionment, an action may be maintained by such city or town against the county for the amount so apportioned to such city or town but where no apportionment is made by the county commissioners no action can be maintained to recover such taxes paid upon the property located in a city or town.

*Error to the District Court of Park County.*

Mr. C. A. WILKIN for plaintiff in error.

Mr. AUGUST PEASE for defendant in error.

Mr. JUSTICE STEELE, delivered the opinion of the court.

Fairplay, a municipal corporation within the limits of the county of Park, claims the right to recover from the county her proportion of the road tax collected by the county for the years 1887 to 1894 inclusive, amounting in the aggregate, including interest, to the sum of about two thousand dollars. The statute under which the town claims is as follows:

"The board of county commissioners of the respective counties of the state may levy a property tax for road purposes, which shall not exceed one dollar on each one hundred dollars, to be levied and collected in the same manner and at the same time as other property taxes are levied and collected in each year. The commissioners, at the time of making such levy, shall order that such proportion of the tax levied upon property located in any city or incorporated town, as to the commissioners shall seem just and proper, shall be paid to the corporate authorities of such city or incorporated town, in the same manner and at the same time that city or town taxes are paid, which road taxes so set apart and paid to such corporate authorities of such city or incorporated town, shall be used and expended by them, or under their supervision, for the sole purpose of improving the streets, alleys and public highways of such city or incorporated town, and for no other purpose whatever. The funds so collected under the provisions of this section, except the part so set

apart for the use and benefit of cities and incorporated towns, shall be apportioned by the commissioners among the several road districts of their respective counties, and the same shall be paid out only on the order of the board of county commissioners." 2 Mills Annotated Statutes § 3953.

In the year 1887 the county commissioners of Park county, under this section, directed that one mill of the road tax collected on the corporate property of the towns of Como, Fairplay and Alma be paid to the authorities of said towns respectively. Since 1887 no action appropriating money under the statute has been taken by the county commissioners. In the first cause of action claim is made for the amount collected by the county of Park under the resolution of 1887, which, it is alleged, has never been paid to the authorities of the town; the other seven causes of action are based upon the alleged right of the town to recover the amount actually paid by the town, with interest for the repair of the streets within the corporate limits.

A demurrer was filed to the complaint, and, upon hearing, the demurrer was sustained; judgment was rendered for the defendant, an appeal was taken to the court of appeals, and the case was sent here from the court of appeals.

The demurrer, in general, is upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and upon the ground that the plaintiff is barred from enforcing its claim, if it ever had one, on account of its unexplained and culpable delay and laches in not heretofore bringing and taking appropriate proceedings to enforce the same, and also upon the ground that the said claim in the first four causes of action did not accrue

within six years preceding the commencement of the action.

Error is assigned upon the ruling of the court in sustaining the demurrer and rendering judgment. It is contended by the defendant in error that the section above referred to is unconstitutional because in this section it is attempted to accomplish indirectly that which is forbidden directly, namely, to exempt towns from the payment of taxes. From an inspection of the statute we are satisfied that the legislature enacted it to meet the views of this court as expressed in the case of *Commissioners v. Owens*, 7 Colo., 467; and we are not disposed to question the legality of the act. The question as to whether or not the act has been repealed has not been presented to us; and we will assume, for the purposes of this decision, that the statute is in full force and effect.

This court held, in *Mouat Lumber Co. v. Denver*, 21 Colo., 1, that "The doctrine of estoppel in pais is equitable in character, and applies to the city as well as to the property owners," quoting, with approval, the following language from Dillon's Municipal Corporations: "The author cannot assent to the doctrine that, as respects public rights, municipal corporations are impliedly within ordinary limitation statutes. It is unsafe to recognize such a principle. But there is no danger in recognizing the principle of an *estoppel in pais* as applicable to exceptional cases, since this leaves the courts to decide the question, not by the mere lapse of time, but upon all the circumstances of the case to hold the public estopped or not, as right and justice may require." Dillon's Municipal Corporations, 4th ed., § 675.

But the court has also held that laches is not a ground for demurrer, and that "the party against

whom any such defense is suggested ought to have full and ample opportunity to make the necessary explanation." *French v. Woodruff*, 25 Colo. 352; *Hagerman v. Bates*, 24 Colo. 71.

The demurrer to the first cause of action should have been overruled.

To the other causes of action, the demurrer upon the ground that they did not state facts sufficient to constitute a cause of action, we think, was properly sustained. The complaint seeks to hold the county of Park for and on account of money had and received. The money was received by the proper authorities of the county, but no apportionment of it under the statute was made to the town of Fairplay by the county commissioners. The power to make the apportionment rests wholly with the board of county commissioners, the amount being such "as the board of county commissioners shall deem just and proper." It seems from the statute that the entire subject of apportioning the road taxes among the towns within the limits of the county is within the discretion of the board of county commissioners, and we do not believe that an action can be maintained against a county for failure to perform duties which are wholly discretionary. It was held in the case of *Commissioners v. Bish*, 18 Colo. 474, that "The rule that counties are not liable for torts, in the absence of statute, is universally acknowledged. And the great weight of authority is in favor of the conclusion that, even when a duty is imposed by statute, the county is not liable for failure to perform it, in the absence of express provisions, creating such liability."

It may be that the county commissioners, after consideration of the subject, came to the conclussion that the benefits to be derived from the road tax—

from the improvements made—were equally valuable to the towns in the county, and that for that reason no action was taken. It seems to us that in cases where a duty such as is imposed by the statute upon the board of county commissioners in this case is imposed upon a board and discretion is vested in the board, as in this case, the courts are powerless to do more than to compel action.

For the reasons assigned, the cause is reversed and remanded.

*Reversed.*