## George Y. Henry et al., Commissioners, etc., Appellees, v. J. E. Hoffman, Town Collector, Appellant.

ROADS AND BRIDGES—*sections 13, 14 and 16 of act construed.* When commissioners of highways make a levy on the property of a town under sections 13 and 14 of the Road and Bridge Act they must be considered as having in view the needs of their town as it existed at that time, and the levy must be assumed to have been made for the purpose of providing for those needs and the taxes collected must be devoted to the purposes for which the levy is made, and the town collector is not authorized to pay over to a village subsequently organized within such town any portion of the tax collected by him.

Action in debt. Appeal from the Circuit Court of Madison county; the HON. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912.

WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

EARLY & WILLIAMSON, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in debt commenced May 4, 1910, by appellees, as commissioners of highways of the town of Wood River in Madison county, against appellant, as collector of said town, to recover certain taxes paid by him to the village of East Wood River. A jury was waived and the cause tried by the court on a stipulation of facts, stating in substance, that during the year 1909,

appellees as commissioners of the town of Wood River in Madison county, Illinois, made a levy on the property of said town under authority of sections 13 and 14 of the Road and Bridge Act (Chap. 121, Rev. Stat. 1909), said town being under what is known as the cash system; that appellant as collector of said township received and collected as a result of such levy $2065.52, before the bringing of the suit; that on or about May 1, 1910, appellant paid over to the treasurer of the village of East Wood River one-half of said amount, claiming the right to do so by virtue of section 16 of said Road and Bridge Act; that the tax so paid to the treasurer of East Wood River was the tax levied and collected for road and bridge purposes on the property lying within the corporate limits of said village as it was incorporated; that said collector is ready and willing to pay the balance of said amount to the treasurer of appellees; that the funds so paid to the treasurer of said village were received to be appropriated to the improvement of roads, streets and bridges in accordance with said section 16 of the Road and Bridge Act; that a petition for the organization of said village was filed with the county clerk of Madison county on November 19, 1909, and an order granting the prayer of the same entered by the county judge of said county on the same day; that by said order an election on the question of organization was fixed for, and afterwards held on, December 11, 1909; that on December 13, 1909, said judge entered an order declaring the village of East Wood River duly organized and directed an election to be held for village officers, which was held in pursuance thereof, on January 15, 1910; that on January 17, 1910, an order was entered by said judge declaring the election of the first village officers; that the president and board of trustees of said village held their first meeting and duly organized, qualified and entered upon their duties January 21, 1910; that the

village charter was issued to said village by the Secretary of State under date of January 27, 1910. Said stipulation concluded as follows:

"And it is stipulated that the question submitted and upon which judgment is to be entered, is whether or not the said village of East Wood River is entitled to collect and receive one-half of the taxes so collected, and it is stipulated that such question is to be considered as if all pleas were filed which may be necessary to raise such question and this stipulation is in lieu of all pleas, the contention of the plaintiff being that the village of East Wood River had not been organized and was not in existence at the time of making the levy of the taxes herein mentioned, nor at the time the said taxes became due and payable."

The court found the issues in favor of appellees and gave judgment in their favor against appellant for the sum of $1032.76 and costs, and from that judgment this appeal is taken.

Appellant presented propositions of law to the court below and preserved exceptions to such rulings of the court thereon as were adverse to him, thereby properly presenting to us the question submitted by said stipulation.

The contention of appellees is that the village of East Wood River had not been organized and was not in existence at the time of making the levy of the taxes mentioned, nor at the time the same became due and payable and that therefore the village is not entitled to any portion of the same.

On the other hand it is claimed by appellant that at the time the tax was collected, the village had elected its officers, received its charter and was fully incorporated as a village. Section 13 of the Road and Bridge Act provides:

"The commissioners shall also meet semi-annually on the same day and at the same place of meeting of the Board of town auditors. At the meeting immediately preceding the annual meeting of the county board, the

commissioners shall determine what per cent of tax shall be levied on the property of the town for road and bridge purposes and for the payment of any outstanding orders drawn by them on their treasurer, which levy' shall not exceed 60 cents on each one hundred dollars."

Section 14 provides for a greater levy, not exceeding forty cents on the one hundred dollars under certain contingencies. The meeting at which the tax is levied must by the statute take place on the first Tuesday of September. Section 16 provides, that at said meeting the commissioners shall make a certificate of the rate per cent finally agreed upon by virtue of said sections 13 and 14 and also the amount to liquidate road and ditch damages and shall cause such certificate to be delivered to the town clerk, that the town clerk shall certify the two items of levy to the county clerk and that said taxes "when collected shall be paid to the treasurer of the commissioners by the collector as fast as the same is collected." Said section also contains the following:

"Provided that one half of the tax required to be levied in sections 13 and 14 and collected for road and bridge purposes on the property lying within an incorporated village, town or city in which the streets and alleys are under the care of the corporation, shall be paid over to the treasurer of such village, town or city to be appropriated to the improvement of roads, streets and bridges either within or without said village, town or city and within the township, under the direction of the corporate authorities of said village, town or city."

Appellant in support of his position relies on Baird v. The People, 83 Ill. 387, which holds that notwithstanding the requirement of the law that the tax when collected was to be paid over to the treasurer of the commissioners, yet nevertheless it was the duty of the collector to pay to the treasurer of the city, town or village the portion of the tax levied on the property

lying within the corporate limits. In that case however the city in question was in existence prior to the levy of the tax in controversy and therefore what is there said does not appear to us to be helpful in the solution of the question presented to us here.

When appellees made their levy for road and bridge purposes on the first Tuesday in September, 1909, they must be considered as having had in view the needs of their town as it existed at that time and the levy must be presumed to have been made for the purpose of providing for those needs and the taxes collected must be devoted to the purposes for which the levy was. made.

In Brauns v. Town of Peoria, 82 Ill. 11, it was held to be the policy of the law that the accruing revenues of the year should be appropriated by the commissioners of highways to the wants of that year.

Section 135 of the Revenue Act provides that the county clerks shall deliver the tax books to the collectors "on or before the 20th day after the first day of December annually, or as soon thereafter as the collectors are duly qualified" and it may be, although it is not so stated in the stipulation above referred to, that the tax books did not come to the hands of appellant until after the petition for the organization of the village of East Wood River had been filed and that a portion of the taxes was collected after the village was organized. Certain it is that the village had been organized more than two months prior to the time appellant paid the tax in controversy over to the village treasurer.

These facts however do not appear to us to warrant the conclusion therefrom, that the village was entitled to receive, to be expended by its own officers, any portion of the taxes levied by the road commissioners for road and bridge purposes, prior to the organization of the village and based on the needs of the town at that

time, including that portion of the territory thereof which was afterwards organized into a village.

We are of opinion appellees were entitled to the whole amount of the taxes collected under their levy and that appellant was not legally authorized to pay any portion thereof to the treasurer of said village.

The judgment of the court below is therefore affirmed.

*Affirmed.*