# JOHN MEE *et al.*

## *v.*

# JOHN C. PADDOCK *et al.*

1. ROAD TAX—*limited to forty cents on the* $100. Under section 120 of the Road and Bridge Act of R. S. of 1874, the commissioners of highways can not levy a tax exceeding forty cents on each $100 valuation of property, for making and repairing bridges, etc., except authorized by a vote of the people of the town, and if they attempt to do so, the excess may be enjoined.

2. SAME—*statutes relating to, construed.* The tax which the commissioners of highways are authorized to levy, not exceeding forty cents on the $100, under section 16 of the Road Law, R. S. 1874, is payable in labor on the highways, while that authorized under section 120 is a money tax, to be collected as other taxes.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. DINSMOOR & STAGER, for the plaintiffs in error.

Messrs. HENRY & JOHNSON, for the defendants in error.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, for an injunction to restrain the collection, by the town collector, for the year 1874, of the town of Hume, in the county of Whiteside, of all that portion of the tax levied on the taxable property of said town, for the year 1874, for the making and repairing of bridges, the payment of damages by reason of the opening, altering and laying out of new roads and the purchase of necessary material for building or repairing roads and bridges in said town, and the paying of the overseers of highways during that year.

The bill sets out the levying of the tax by the commissioners of highways, for the purposes aforesaid, upon the taxable property of the town, and that the same was extended upon the tax collector's book then in the hands of said collector, to be collected from the property of the tax-payers of said town; that the amount of said tax is in excess of, and in addition to, the ordinary road and labor tax assessed by said commissioners of highways, which latter tax was also extended upon the books of said collector; that the amount of said tax, so levied as first aforesaid, exceeds the sum of forty cents on the one hundred dollars of the taxable property of the township, and is more than seventy-nine cents on each one hundred dollars of said property; that such tax was unauthorized by any vote of the legal voters of said township, and that no election or vote was had or taken by the electors of the township for the purpose of assessing a tax exceeding the sum of forty cents on the one hundred dollars on the taxable property of the town; that the collector is about to and will collect the tax, unless enjoined.

The answer admits the material allegations of the bill to be true. Upon hearing in the court below on bill and answer, the court decreed in favor of the complainants, enjoining the collection of all that portion of the tax which exceeded the sum of forty cents on the one hundred dollars of the assessed property of the town for the year 1874.

Defendants below bring this writ of error to reverse the decree.

All the taxing power which the commissioners of highways possess, is contained in sections 16 and 120 of the Road and Bridge Act, pp. 916 and 932, Rev. Stat. 1874. Section 16 provides that the commissioners of highways shall assess a road tax on all real estate and personal property liable to taxation, of the town, to any amount they may deem necessary, not exceeding forty cents on each one hundred dollars' worth, as valued on the assessment roll of the previous year.

This is a road tax, and payable in labor on the highways. The bill alleges that this tax had been assessed by the commissioners of highways, and was also extended upon the books of the collector.

Section 120 provides that the commissioners of highways of each town shall annually ascertain, as near as practicable, how much money must be raised by tax on real and personal property, for the making and repairing of bridges, the payment of damages by reason of the opening, altering and laying out of new roads, the purchase of the necessary tools, implements and machinery for working roads, the purchase of the necessary material for building or repairing roads and bridges, the pay of the overseers of highways during the ensuing year; and shall levy a tax on all the real and personal property in said town, not exceeding forty cents on the one hundred dollars.  *  *  *  *Provided*, that if the commissioners of highways, or any three legal voters, shall give notice by posting notices, etc., that a larger amount of money will be required for the purpose of constructing or repairing roads or bridges in their town than can be realized from the real and personal property tax authorized by law to be assessed by the commissioners, the legal voters present at such meeting may authorize an additional amount to be raised by tax, not exceeding sixty cents on each one hundred dollars valuation, and said board shall cause the same to be extended on the tax books.

This is a money tax, to be collected as other taxes.

There is thus a limitation in amount of both these taxes to forty cents on the one hundred dollars, except that the latter, by vote of the electors in town meeting, may be increased to the additional amount of sixty cents on the one hundred dollars.

Counsel for plaintiff in error, from a collection of all former acts upon the subject previous to that of 1873, from which the above sections are taken, find that theretofore the proviso for the increase of taxation, by a vote of the people, of sixty cents on the one hundred dollars, had been confined to the highway labor tax provided for in section 16 above, and that there had been no limit affixed to the amount of the other money tax provided for in section 120, for building bridges, paying road damages, etc., but that the commissioners of highways certified the amount necessary for such purposes to the town auditors, and they, in turn, certified the same to the board of supervisors, and they caused the amount to be levied on the taxable property of the town. Hence it is argued, that, in the revision in 1873 of the former statutes, both the limitations of taxation in section 120, as to the money tax, are misplaced, and that they are properly applicable only to section 16, providing for the road labor tax; that such must have been the legislative intention, and the conclusion is deduced that the tax provided for in section 120, for building bridges, and paying road damages, etc., is without limit as to amount, as it had been before. It is urged that considerations of convenience and necessity, to enable the commissioners to perform the duties imposed upon them by the statute in relation to the building and keeping in repair of roads and bridges, require such a construction.

We can not agree to this interpretation of the statute. Whatever of confusion there may be in section 120, in regard to the levying of the tax there provided for—by what body— we can have no doubt that there is a limitation prescribed as to its amount; that it can not exceed forty cents on the one hundred dollars, unless increased by a vote of the people as therein named. Considerations of convenience or supposed

necessity are not to be regarded, where the language is clear. The taxing power can not be derived by implication; it must be given by express grant.

The excess of the tax in question above forty cents on the one hundred dollars, not having been authorized by vote of the legal voters of the town, was imposed without authority of law, and the court below properly enjoined its collection.

The decree is affirmed.

*Decree affirmed.*