## JOHN E. BRITTEN, Treas., etc.,
### v.
## THE CITY OF CLINTON.

ROAD AND BRIDGE TAX UNDER ACT OF 1879—To WHOM PAID.—Under the act of 1879, relating to taxation for road and bridge purposes in counties under township organization, where there is an incorporated city or village within a township, the whole tax should be paid to the treasurer of the commissioners of highways. Such city or village is not, as formerly, entitled to have that portion of the tax collected within its corporate limits, paid to the treasurer of such city or village.

ERROR to the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding. Opinion filed January 18, 1881.

Messrs. FULLER, GRAHAM & MONSON, for plaintiff in error; that the legislature has the power to direct where and to whom a tax shall be paid, cited Board of Sup'rs v. Springfield, 63 Ill. 66.

The tax should be paid to the treasurer of the commissioner of highways: Act of 1879, § 119.

Mr. RICHARD A. LEMON, for defendant in error, cited Baird v. The People, 83 Ill. 388; City of Galena v. Com'rs of Highways, 2 Bradwell, 259; City of Clinton v. Town of Clintonia, 3 Bradwell, 36; The People v. Wilson, 3 Bradwell, 373.

Britten v. City of Clinton.

HIGBEE, J.   The only question presented by the record in this case for our decision is, which of the parties is entitled to certain taxes levied and collected for the year 1879 by the commissioners of highways of the town of Clintonia, in which the city of Clinton is located, for the making and repairing of bridges and other purposes, under § 119 of an act in reference to roads and bridges in counties under township organization, passed May 18, 1879.

A brief reference to the previous laws upon the same subject, and the judicial construction of the same, will aid us in arriving at a correct interpretation of the act under consideration.

Section 16 of the road law of 1873, in force in counties under township organization, authorized the commissioners of highways to levy and collect a road tax annually, not exceeding forty cents on each one hundred dollars of the assessed value of the property, and provides that the tax on property lying within any incorporated village, town or city in which the streets and alleys are under the care of the corporation, shall be paid over to the treasurer of said village, town or city, to be appropriated to the improvement of roads, streets and bridges, under the direction of the corporate authorities.

This tax was payable in labor on the highways, and §§ 43, 44, 49 and 50 provided for the collection of the delinquent portion of the same.

Section 120 provided that "the commissioners of highways of each town should annually ascertain, as near as practicable, how much money should be raised by tax on real and personal property for the making and repairing of bridges; the payment of damages by reason of the opening, altering and laying out of new roads ; the purchase of the necessary tools, implements and machinery for working roads; the purchase of the necessary material for building or repairing roads and bridges; the pay of the overseers of highways during the ensuing year; and should levy a tax on all the real and personal property in said town, not exceeding forty cents on the one hundred dollars."      *      *      *

Sections 121 and 122 provided for extending the tax afore-

said on the tax books, that the same should be collected as other taxes, and that the amount thereof should be certified by the county clerk to the treasurer of the commissioners of highways.

The 123d section was as follows: " The tax so collected shall be paid to the treasurer of the commissioners of highways, except as provided in section 16 of this act, by the collector, as fast as the same is collected, except such rate per cent. as shall be allowed for collecting the same."

In the case of Mee et al. v. Paddock et al. 83 Ill. 494, it was held by the Supreme Court that the tax authorized by § 16 and the one by § 120 were different and distinct from each other, and that the commissioners of highways might levy forty cents on the one hundred dollars valuation under each of said sections.

In the case of Baird et al. v. The People, 83 Ill. 387, the question was presented to the Supreme Court whether the treasurer of the commissioners of highways or the city, was entitled to the portion of the tax collected under § 123, for road and bridge purposes, on property located in the city, and it was then held that the same should be paid to the city.

In delivering the opinion of the court, Mr. Justice Scholfield said: " It is contended by appellants that the reference in § 23 (§ 123) to § 16, is to authorize the collector to pay over the tax excepted by that section from being paid to the treasurer of the commissioners of highways, and that it does not contemplate the tax levied under § 120. This, we think, is a clear misapprehension, both of the language and intent, of the statute. It is expressly provided by § 16 that the tax levied under that section on property lying within cities, villages, etc., shall be paid over to the treasurer of the city or village, etc., and this could not reasonably be construed otherwise than that it was to be paid over by the person collecting it. The collector's duty under this section, therefore, needed no explanation, nor did his powers need be more specifically defined with regard to that duty. The tax when collected was simply to be paid over to the designated treasurer, and since he, alone, was to collect it, there could be no one but him to pay it over.

Britten v. City of Clinton.

The collection of delinquent taxes levied by § 16 is provided for by §§ 43, 44, 49 and 50, and § 123 cannot have any reference to them.

The words "The taxes so collected," has reference to the tax provided to be collected by § 122, and it is, as clearly as language can be made to express anything, the tax levied under § 120 and directed to be extended on the collector's books by § 121.

We understand this case to decide in substance that the tax collected from property in the city under § 16, is given to the city by that section, and that § 123 has reference to § 120 only, and by force of the exception therein contained (*except as provided in section* 16 *of this act*) the city is entitled to so much of the tax as was collected from property within its limits.

This law was amended in 1877, but not so as to deprive the town, village, or city of the portion of the tax collected within its limits. City of Galena et al. v. The Commissioners of Highways, 2 Bradwell, 255; City of Clinton v. The Town of Clintonia, 3 Bradwell, 36. After these decisions the legislature of 1879 again revised this law, and restored the § 16 as it stood in 1873, re-enacted § 120 as § 119, §§ 121 and 122 as §§ 120 and 121, and amended § 123 to read as follows:

"§ 123. The tax so collected shall be paid to the treasurer of the commissioners of highways by the collector as fast as the same is collected, except such rate per cent. as shall be allowed for collecting the same. *Provided*, that the commissioners of highways may, in their discretion, expend such funds upon roads and bridges at any places within their respective towns; but when expended within the limits of any incorporated town, city, or village, the same shall be done by and with the consent of the corporate authorities."

The very words which were construed by the Supreme Court as giving the city the right to that portion of the tax collected within its limits, are stricken out, and § 120 is thereby made to require the whole of that tax to be paid to the treasurer of the commissioners of highways.

This legislation, in view of the construction given the act by the courts, could be intended for no other purpose but to give

the whole tax to the treasurer of the commissioners of high-
ways.

Section 164 of the law of 1873, in reference to counties not
under township organization, still exempts cities, villages and
towns from this double taxation for road and bridge purposes.
Rev. Stat. 1880, § 64, p. 951.

What good reason can exist for the discrimination between
towns, cities and villages in counties under township organi-
zation, and those not under township organization, is not ap-
parent to the court, but whatever of incongruity or apparent
injustice there may be in such legislation, is a fit subject for
the law making power, and need not be discussed by the court.
The will of the Legislature seems to us to be clear and free
from doubt, and it is the duty of the court to give effect to it.
We think the court below erred in allowing to the city of Clin-
ton that portion of this tax collected from property within the
limits of said city under § 119 of the act of 1879. And for
this reason the decree is reversed, and the cause remanded.

                                    Reversed and remanded.