THE PEOPLE, for use of Town of Highland

*v.*

CHARLES B. SUPPIGER *et al.*

*Filed at Mt. Vernon June 21, 1882.*

1. JUDICIAL NOTICE—*as to location of incorporated town—counties under township organization.* This court will take judicial notice of the county in which an incorporated town is situated, and of the fact whether such county is under township organization.

2. ROAD LAW *of 1877—repealed.* The act of 1879 concerning "roads and bridges" is a revision of former laws on this subject, and in terms repeals the act of 1877, so far as it relates to counties under township organization, and also all other acts or parts of acts inconsistent therewith.

3. ROAD TAX—"ROAD AND BRIDGE TAX"—*how to be applied, respectively—under sections 16 and 119 of the act of 1879.* The tax levied by the commissioners of highways, not exceeding fifty cents on each one hundred dollars' worth of taxable property, under section 16 of the Road law of 1879, so far as it relates to property within incorporated villages, towns and cities in which the streets and alleys are under the care of the corporation, is required to be paid over to the treasurer of such village, town or city, to be appropriated to the improvement of the streets, alleys and bridges in such corporation.

4. But the "road and bridge tax" levied and collected under section 119 of the Road law of 1879, is a tax distinct from the road tax levied under section 16 of the same act, and the statute is imperative that such tax, including that collected on property within incorporated villages, towns and cities, shall be paid over, when collected, to the treasurer of the commissioners of highways, except the collector's commissions. The rule was different under the Road law of 1877.

5. The road and bridge tax required to be levied and collected by the commissioners of highways under section 119 of the Road law of 1879 is for certain specified purposes, such as for the making and repairing of bridges, the payment of damages by reason of the opening, altering and laying out of new roads, the purchasing of necessary tools, implements and machinery for working roads, etc., and is a distinct tax from that levied and assessed under section 16 of the same act. The first must be paid in money, while the road tax may be discharged in labor on the roads.

6. SAME—*former decision.* The words, "except as provided in section 16," contained in the former statute, and which were thought, in *Baird* v. *The People,* 83 Ill. 387, to make it the duty of the collector to pay the

"road and bridge" tax as well as the road tax proper, levied and assessed on property situated in villages, towns and cities, to the treasurers of such corporations, have been omitted from the revision of 1879, hence that case has no application under the law as now existing.·

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. KROME & HADLEY, for the appellants.

Messrs. METCALF & BRADSHAW, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This is an action of debt, and was brought in the name of the People, for the use of the board of trustees of the town of Highland, on the official bond of Charles B. Suppiger, collector of the town of Helvetia, against such collector and his sureties. As the case was submitted in the circuit court on an agreed statement of facts, it will not be necessary to remark upon the pleadings.

This court will take judicial notice the town of Highland is situated in the county of Madison—a county under township organization. The town of Highland was made a municipal corporation by a special act of the legislature, passed in 1865, and is situated within the territorial limits of the town of Helvetia, a town under township organization. Section 12 of the charter of the town of Highland, which was given in evidence, provides it shall be the duty of the municipal authorities to keep all roads, streets, alleys and bridges in the corporate limits of the town, and for one mile beyond, in good repair, and for that purpose the authorities might require certain road labor to be performed, and the performance of such road labor should exempt the inhabitants of such town from the performance of any other road labor under the laws of the State. It is further provided, in the

same section, the road tax assessed upon the property in such corporation, and upon the property for one mile beyond its limits, shall be paid to the treasurer of the town of Highland, and that it may be collected in such manner as may be prescribed by ordinance.

It is admitted there was levied and assessed, in pursuance of law, for the year 1879, and subsequent to the 1st day of July of that year, upon all the taxable property of the town of Helvetia, what is known as a "road and bridge" tax, not exceeding forty cents on each one hundred dollars' worth of taxable property, and that the aggregate amount of such tax levied and assessed for that purpose, for the year mentioned, within the corporate limits of the town of Highland, was $1173.62, and that of that amount there came to the hands of the collector, before the commencement of this suit, $1092.40. It is stipulated the town of Highland has received from such collector the full amount of the road tax levied and collected for that year from property within the corporate limits of the town, but has received no part of the "road and bridge" tax so levied and collected. The treasurer of the highway commissioners of Helvetia township, and the treasurer of the town of Highland, both claim the "road and bridge" tax in the hands of the collector, and the only question raised and discussed is, which party is entitled to it.

The act of 1879, in force July 1 of that year, concerning "roads and bridges," is a revision of former laws on this subject, and in terms repeals the act of 1877, so far as it relates to counties under township organization, and also all other acts, or parts of acts, inconsistent therewith. It is plain, therefore, the present decision must be controlled by the act of 1879. Section 16 of that act provides, commissioners of highways may cause a tax, not exceeding forty cents on each one hundred dollars' worth of taxable property, to be levied and collected for road purposes, but the taxes levied for road purposes *only* on property lying within an

incorporated village, town or city in which the streets and alleys are under the care of the corporation, shall be paid over to the treasurer of such village, town or city, to be appropriated to the improvement of the streets, alleys and bridges in such corporation. As respects any tax that could be or was levied under this section of the statute by the commissioners of highways, there is no controversy. It is admitted the full amount of such tax has been fully paid by the township collector to the treasurer of the town of Highland.

But the contention is as to the "road and bridge" tax levied and assessed under the provisions of section 119 of the act of 1879. It will be observed the "road and bridge" tax is to be levied and collected for specific purposes, viz., for the making and repairing of bridges, the payment of damages by reason of opening, altering and laying out of new roads, the purchasing of necessary tools, implements and machinery for working roads, and other specific objects stated. This is a distinct tax from that levied and assessed under section 16 of the same act, and so this court decided in *Mee* v. *Paddock*, 83 Ill. 494. It will be observed that the tax levied under section 16 may be paid in labor by the party owing it, while that levied under section 119 is a money tax, and being for specific objects for which money is needed, it is obvious it must be collected in money. The statute is imperative (section 122) the "road and bridge" tax, when collected, shall be paid over to the treasurer of the commissioners of highways, by the collector, except such rate per cent as shall be allowed for collecting the same. As has been seen, all laws or parts of acts on this subject inconsistent with the act of 1879, have been expressly repealed, so that there is now no doubt as to whom the collector shall pay the "road and bridge" tax when collected. It must be paid to the treasurer of the commissioners of highways of the town imposing the tax.

The words, "except as provided in section 16," contained in the former statute, and which were thought in *Baird* v. *The People*, 83 Ill. 387, to make it the duty of the collector to pay the "road and bridge" as well as the road tax proper, levied and assessed on property situated in villages, towns and cities, to the treasurers of such corporations, have been omitted from the revision of 1879, hence that case can have no bearing on the present decision.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*