## The Chicago and Alton Railroad Company
### *v.*
## The People *ex rel.* Raymond, County Collector.

*Opinion filed April 18, 1901.*

1. Taxes—*when action of court in sustaining objection to tax cannot be reviewed on cross-error.* The action of the county court in sustaining objections to the village tax on an application for judgment of sale for village, town and special road taxes cannot be reviewed on assignment of cross-error by the appellee, where the record contains no exception to such action.

2. Same—*statute must be shown to have been followed to sustain special road tax.* A special road tax cannot be sustained in the absence of an affirmative showing of a strict compliance with the requirements of the statute providing therefor.

3. Same—*when record of town meeting does not authorize special road tax.* A sufficient compliance with the statute to justify the levy of a special road tax does not appear from the record of the annual town meeting showing merely that the motion to grant the request of the highway commissioners for certain amounts to stone and gravel specified streets was carried.

4. Same—*statute specifying time for meeting of board of town auditors is mandatory.* The provision of the statute as to the time of the meetings of the board of town auditors is mandatory, and a tax based upon a certificate of claims audited at times other than those specified in the statute is illegal when objected to by the tax-payer; but it is not necessary that all claims be audited upon the day of the meeting, since any continuation of such meeting to a future day or from day to day is, in legal effect, one meeting.

5. Same—*statute contemplates an annual meeting of Cook county board in September.* In view of section 120 of the Township Organization act, providing for semi-annual meetings of the board of town auditors on the Tuesday next preceding the annual meeting of the county board and the annual town meeting, and the further provision of the statute requiring the county board of Cook county to hold regular meetings on the first Monday in December, January, February, March, June and September in each year, an annual meeting of the county board of Cook county on the first Monday in September is contemplated.

6. Same—*objections not going to substantial justice of tax not available on application for sale.* An objection that the town tax is illegal because the town auditors did not certify the allowed claims to the town clerk until after the time at which he was required to certify them to the county clerk, does not go to the substantial justice of the tax, and cannot be availed of on application for judgment.

Appeal from the County Court of Cook county; the Hon. O. H. Gilmore, Judge, presiding.

M. J. Scrafford, and William Brown, Jr., (William Brown, of counsel,) for appellant.

Frank L. Shepard, Assistant County Attorney, and George W. Hess, Attorney for the Village of Lemont, (Julius A. Johnson, County Attorney, of counsel,) for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

Appellant, the Chicago and Alton Railroad Company, filed objections in the county court of Cook county to the entry of judgment against it for delinquent special road tax, town and town judgment tax and village taxes assessed against it in the town of Lemont for the year 1898.

As to the village taxes of Lemont assessed against appellant, the county court sustained the objections filed and declared the tax illegal, and as the record filed in this court contains no exceptions by appellee to that finding and judgment, it cannot be reviewed here on the assignment of cross-error by appellee. (Rev. Stat. sec. 60, chap. 110; *Bailey* v. *Smith*, 168 Ill. 84.) To the special road tax appellant objected for the reason that neither the annual town meeting nor any other town meeting in 1898 directed the raising by taxation of the sums necessary to stone and gravel the roads mentioned in the certificate filed by the town clerk of the town of Lemont with the county clerk.

So much of the proceedings of the town meeting of the electors of Lemont as recorded by the town clerk, relating to the action of the electors in regard to roads for the repairing of which the special tax was levied, is as follows: "Following is the request of the highway commissioners of the township of Lemont to stone and gravel the following named roads hereinafter described:

From the line of James Bittles to north end of Sag and Lemont road, commissioners' district No. 1, $250. Moved and seconded that said request be granted. Motion so carried." And the same procedure was adopted as to the several other roads mentioned in the certificate which forms the basis of said special tax.·

The statute in relation to special road tax is as follows: "*Provided,* that if the commissioners of highways, or any three legal voters, shall give notice by posting notices in at least three of the most public places of the town, at least ten days before the annual town meeting, that a larger amount of money will be required for the purpose of constructing or repairing roads or bridges in their town than can be realized from the real, personal and railroad property tax authorized by law to be assessed by the commissioners, the legal voters present at such meeting *may authorize an additional amount to be raised by tax* not exceeding forty cents on each one hundred dollars' valuation, and said board shall cause the same to be extended on the tax books." (Hurd's Stat. 1899, sec. 119, chap. 121.) In the absence of an affirmative showing of a strict compliance with the requirements of this statute any special road tax levied thereunder will be void. *Mee* v. *Paddock,* 83 Ill. 494; *Commissioners of Highways* v. *Newell,* 80 id. 587.

It is contended by appellant that the foregoing record of the proceedings of the town meeting does not show a sufficient compliance with the statute to justify the levy of the special road tax objected to, and we are of the opinion that this contention should have been sustained by the court below. As said by Judge Cooley in his work on Taxation: "Technical defects and irregularities should be overlooked so long as the substance of a good vote sufficiently appears, for the obvious reason that local business is largely and of necessity in the hands of plain people, who are unskilled in the technicalities of law and unaccustomed to critical or even ac-

curate use of language. A strict construction of their doings would inevitably be mischievous and would defeat the collection of the revenue in very many cases." Yet to hold that the record of the proceedings of the town meeting in this case shows an authorization of "an additional amount to be raised by tax" would be going beyond a liberality of construction and assuming an intention in no manner expressed. No mere "technical defects" or "irregularities" appear in the minutes of the town clerk, and they are certainly intelligible, but to say the language "the request of the highway commissioners to stone and gravel the road be granted" means "that the several sums indicated are hereby authorized to be raised by taxation" would be giving those words a meaning entirely different from that which in common acceptation attaches to them. The electors may have intended to direct the levy of a special road tax, but the record of their meeting cannot be said to indicate any such intention, and the town clerk's certificate, based thereon, must be held invalid to warrant the county clerk in extending the tax.

The town and town judgment taxes appellant claims are illegal because the claims and judgments against the town were audited by the town board of auditors on days other than those fixed by the statute for the meetings of the board. Section 120 of the Township Organization act (Rev. Stat. p. 1081) is as follows: "Said board of auditors shall meet at the town clerk's office for the purpose of examining and auditing the town accounts, semi-annually, on the Tuesday next preceding the annual meeting of the county board, and on the Tuesday next preceding the annual town meeting." Section 121 of the same act provides that at the same time and place the board shall "examine and audit all charges and claims against their town." It was evidently intended by the legislature, in specifying dates upon which the board of auditors should meet, to notify every one of the times and places of meet-

ing, so as to afford interested parties the opportunity of a hearing upon claims, if desired. To say, as contended by counsel for appellee, that the board may disregard the plain mandate of the statute and audit claims upon any days they may see fit, without notice, would be to clothe them with arbitrary power in that regard, and, in effect, deny claimants and others interested all opportunity to be heard. We think the provision of the statute as to the time of the meetings of the board of town auditors is not merely directory, but that a tax based upon a certificate of claims audited at times other than those specified in the statute, when objected to by the taxpayer, is illegal. Where the exact time is fixed by law for the purpose of giving parties interested a hearing, or for any other purpose important to them, the requirement is mandatory. Cooley on Taxation, (2d ed.) 289; *St. Louis National Stock Yards* v. *People ex rel.* 127 Ill. 22; *St. Louis Bridge Co.* v. *People ex rel.* 128 id. 422.

Upon a further consideration of the facts in this case we are of the opinion, however, that an application of the foregoing rule of law ought not to render the whole of the town and town judgment taxes above mentioned illegal and void. While it does not clearly appear from the abstract, the record shows that the board of town auditors did meet on August 30, 1898, and that that meeting was continued to September 1, from the latter date to September 2, and again to September 3, and that on the second day of September judgments were audited against the town to the amount of $10,700; also, that on the first, second and third days of September other claims were audited and allowed, amounting to $2430.12. We also think it is fairly shown by the record that on the first of September other claims were audited and allowed, amounting to some $618.57. The claims allowed on May 17—which was a continuation of a meeting of May 10—amounted to only about $254.70, so that it can be ascertained that of the aggregate amount of the claims

and judgments allowed against the town,—$13,130.12,—$12,875.42 was allowed at the meeting of August 30, 1898, or upon days to which that meeting was continued.   Of course, it is not meant by what has been said as to the dates upon which the meetings must be held to audit claims, that the board shall actually audit and allow the claims upon the days of meeting.   Any continuation of such meetings to a future day, or from day to day, would be, in legal effect, the meeting of the date required by the statute.   The 30th day of August, 1898, was the Tuesday before the first Monday of September in that year, and unless it can be said there is no annual meeting of the county board in Cook county on that Monday, as contended by counsel for appellant, the claims allowed at the meeting of August 30 were audited and allowed at a proper time.

It is insisted that the law makes no provision for an annual meeting of the Cook county board, and hence no meeting of the town board could be lawfully held in that county with reference to an annual meeting on the first Monday of September.   Section 23 of chapter 34 of the statute (1 Starr & Cur. Stat. 1085,) provides:   "The powers of the county as a body corporate and politic shall be exercised by a county board, to-wit: In counties under township organization (except the county of Cook) by the board of supervisors;   *   *   *   in the county of Cook, by a board of county commissioners;   *.   *   *   in counties not under township organization, by the board of county commissioners."   In either case the body exercising the powers of the county is "a county board."   It is true, the statute does not expressly provide that the county board of Cook county shall meet on the first Monday in September, annually, but we think, for the purpose of giving effect to the statute requiring the town board of auditors to meet *semi-annually* on the first Tuesday preceding the annual town meeting and the annual meeting of the county board, it must be held that such

a meeting is contemplated. Section 61, paragraph 65, chapter 34, (1 Starr & Cur. Stat. p. 1100,) provides that the board of commissioners of Cook county "shall hold regular meetings on the first Monday of December, January, February, March, June and September in each year." The effect of this language is to require an annual meeting of the board on the first Monday of September. When the legislature required the town board to meet semi-annually, viz., "every half year," fixing one of those meetings on the Tuesday before the town meeting,—the first Monday of April,—it must have meant that in Cook county the next half-yearly meeting should be on the Monday preceding the meeting of the county board in that county required to be held annually on the first Monday in September. So understood, effect is given to the statute and the rights of all parties protected. This construction is in harmony with the provisions of section 121 of the Revenue act, making it the duty of county boards "annually, at September session," to determine the amount of all taxes to be raised for county purposes. The contention that inasmuch as there is no meeting of the county board of Cook county on the first Monday of September designated in the statute as an annual meeting, the board of town auditors in that county can only hold one meeting for the purpose of auditing claims against the town,—that is, on the Tuesday preceding the town meeting,—would entirely defeat that part of the statute which requires the town board to hold semi-annual meetings. We think, therefore, that the claims which were audited at the meeting of August 30, 1898, were allowed at a proper time.

It is further contended that this town tax was illegal because the town auditors did not certify the claims allowed against the town to the town clerk until after the time at which he was required to certify them to the county clerk. This objection, not going to the substantial justice of the tax, could not be availed of on the

application of the county treasurer for judgment. *Buck* v.*People ex rel.* 78 Ill. 560; *Chiniquy* v. *People ex rel.* id. 570.

The decision of the county court sustaining the objection to the village tax must be sustained. The objection to the town tax and town judgment tax should be overruled as to the claims and judgments allowed by the board of town auditors at the meeting held August 30, 1898, and sustained as to those purporting to be allowed on the 17th of May. The objection to the special road tax should also have been sustained. The judgment of the county court will accordingly be reversed, except as to the village tax, and the cause will be remanded to that court for further proceedings consistent with the views herein expressed. Each party should pay its own costs here.  *Affirmed in part and reversed in part.*