## The People, ex rel., etc., v. William E. Finley, et al., Commissioners of Highways.

1. RECORDS—*Proceedings of Townships Not to be Proven by Parol.*— In a proceeding for a mandamus to compel the commissioners of high-, ways of a township in counties under township organization to proceed to lay out a new road, it is error to permit the commissioners to show by parol that the labor system had been adopted by their township and that they had in fact levied all the taxes they were authorized by law to levy.

2. TOWNSHIPS—*Are Corporations.*—All townships in counties under township organization are corporations and their official acts are required to be recorded by the clerk.

3. COMMISSIONERS OF HIGHWAYS—*Are Quasi Corporations.*—The commissioners of highways are *quasi* corporations and their official acts are required to be recorded and are provable by record evidence only.

4. SAME—*Power to Levy Taxes for the Payment of Damages for the Laying Out of Roads.*—Under either the cash or the labor system the commissioners of highways of townships in counties under township organization have ample power to levy taxes for the payment of damages occasioned by the laying out of new roads, as under either system the tax sought to be levied is payable in money only.

5. MANDAMUS—*Not To Be Issued Unless it Can be Made Effectual.*— When the time for opening a new road has expired by limitation of the statute, (R. S., Ch. 121, Sec. 30,) a writ of mandamus will not be issued to compel the commissioners to open it.

Mandamus, to compel the commissioners of highways to open a new road. Appeal from the Circuit Court of Lawrence County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the February term, 1901. Reversed and remanded. Opinion filed September 4, 1901.

GEE & BARNES, for appellant.

W. F. FOSTER and CHARLES H. MARTIN, attorneys for appellees.

MR. JUSTICE BIGELOW delivered the opinion of the court.

The relator, George L. Ryan, presented a petition to the Circuit Court of Lawrence County, for a writ of mandamus against the commissioners of highways of the town of Bridgeport, in that county. Appellees filed an answer to

the petition, a hearing was had on evidence introduced, and the court refused to award the writ.

On the 15th of December, 1898, a petition, signed by the requisite number of landowners, was presented to appellees, for the laying out of a road; the commissioners gave the notice required by law, and met on the day fixed for the purpose of hearing reasons for and against laying out and establishing the road. The prayer of the petition was denied, and an appeal was taken by the parties in interest to three supervisors of the county, who heard the appeal and granted the prayer of the petition. A survey was had, and the damages ascertained partly by agreement, and partly by a jury called for that purpose. The final order was made and filed in the office of the town clerk, declaring the road to be laid out as therein provided.

It is admitted that all of the proceedings which resulted in laying out the road were regular, except appellees' claim that the road laid out by the supervisors was a quarter of a mile longer than the proposed road described in the petition. A careful examination of the petition and final order fails to disclose any foundation for the claim, as, though the two instruments are differently worded, they seem to refer to the same road. The petition for a mandamus alleges that the commissioners of highways have refused to take any steps for the opening of the road, and that they have, in particular, neglected and refused to make a tax levy, for the damages which were ascertained—the damages and costs amounting to the sum of $898.55.

The answer of the highway commissioners alleges, among other matters, that the town of Bridgeport is operating under the road labor system according to the statute in such cases made and provided; that the taxable property of the town amounts to $93,391, and that a tax of only $290.68, can be realized from a forty cent levy on each $100 of the assessed value of the property; that the commissioners, at the annual town meeting in 1899, submitted to the voters of the town a proposition authorizing an additional levy of forty cents on each $100 of property, and the proposition was unanimously voted down; that the commissioners are

levying the full amount of forty cents tax on each $100 of property in the town as authorized by law. Issues were framed on this answer. Appellees were permitted to show by parol testimony that the labor system had been adopted by the town, and that the commissioners had in fact levied all the taxes they were authorized by the law to levy, to wit, forty cents on each $100 of property in the town. Objections were made to this evidence and exceptions were taken to the court's ruling in admitting it.

All townships in counties under township organization, are corporations. Hurd's R. S. 1899, Chap. 139, Sec. 38. And commissioners of highways are *quasi* corporations. The People v. Madison County, 125 Ill. 334. The corporate acts of the town are required to be recorded by the clerk. Secs. 112 and 113 of said chapter.

The corporate acts of the highway commissioners are likewise required to be recorded. Sec. 10 of same chapter. Under these provisions all corporate acts, whether of townships or of highway commissioners, are provable by record evidence only. People v. Madison County, *supra*.

The court erred in admitting the evidence.

Whether the town of Bridgeport was operating under the cash system or under the labor system for the payment of the " road tax," we regard for the purposes of this case as unimportant, since under either system the commissioners have ample power to levy taxes for the payment of damages occasioned by the laying out of this road. Under either system the tax sought to be levied is payable in money only. People v. Suppiger, 103 Ill. 434; Sec. 15, Chapter 121, Hurd's R. S. 1899. If they are in fact operating under the former system, section 15 of chapter 121, *supra*, gives them ample power to make this levy, to be held as a separate fund; if they are operating under the latter system, there is ample power under section 119 of the same chapter. Under the latter section they are required to ascertain the different amounts of money needed for the purposes committed to their charge, among which is the payment of damages for laying out new roads; and when these amounts have been determined by the commissioners, they are required

by the statute to levy the amount necessary for the different objects needed, not to exceed, however, the sum of forty cents on $100 of assessed property valuation. All this money belongs to the highway commissioners. People v. Suppiger, *supra*. The amount of money needed as compared with the assessed valuation of the property and the rate of levy, may not make it possible that a single year's levy shall discharge all the obligations that are imposed on the corporation; if this is true, the power and duty to make successive levies, are a continuing obligation on the corporation, until the object aimed at has been accomplished, unless some other legal obstacle should intervene and render the duty inoperative.

Whether appellees have in fact levied the taxes provided for, either in section 15, or in section 119, is a matter which is not properly proven by parol evidence; and inasmuch as there may be in existence the record evidence showing that they have fully complied with the duties enjoined on them, we are unable to order the issuance of the writ on the record which is before us.

The road has been legally laid out, the law has pointed out the steps by which payment may be made, and when such payment has been made the road may be ordered opened, if not too late to do so.

The question whether a mandamus ought to issue in this case in view of the fact that the road should, in accordance with section 30, chapter 121, Hurd's R. S. 1899, be opened within two years after it was laid out, we do not decide, because the point has not been raised. The ordinary rule is, that a mandamus will not issue unless it can be made effectual, as a remedy. Hayes v. Morgan, 81 Ill. App. 665.

For the error in admitting parol evidence that the town of Bridgeport was operating under the road labor tax system, and in admitting parol evidence that the commissioners had in fact levied all the taxes they were authorized by law to levy, the judgment is reversed and the cause is remanded to the Circuit Court for further proceedings in accordance with the views herein expressed. Reversed and remanded.