## Village of Iuka v. N. Martin Schlosser, Treasurer of the Commissioners of Highways of the Town of Iuka, and J. O. Piper, Collector.

1. STATUTES—*Rules of Construction.*—It is a rule of construction that when several parts of a statute have a bearing upon the same subject, they are to be construed together, in order to arrive at a correct conclusion of the legislative intent.

2. SAME—*Courts Are Not Confined to the Words Used.*—In the construction of a statute, courts are not confined to the words used, but may regard the purpose, and when necessary to give effect to the meaning of the law, words used may be rejected and others substituted.

3. SAME—*Rule in Doubtful Cases.*—In doubtful cases, if by giving a liberal construction to a statute it will be the means of producing great injustice and lead to consequences that could not have been contemplated by the legislature, courts are bound to presume that the legislature intended no such consequences, and give such a construction as will promote the ends of justice.

4. SAME—*Construction of Sec. 16 of Chap. 121, R. S., Roads and Bridges.*—Under section 16 of chapter 121, R. S., one-half of the road and bridge tax collected within the corporate limits of the village of Iuka, by virtue of the tax levy of the commissioners of highways of the town of Iuka, belongs to the village of Iuka and the other half to the town of Iuka.

Assumpsit, for money had and received. Appeal from the Circuit Court of Marion County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the February term, 1901. Reversed and judgment in this court. Opinion filed, etc., September 4, 1901.

Statement.—This is an appeal from a judgment of the Circuit Court for appellees, reversing a judgment for appellant rendered by a justice of the peace.

The suit is against Schlosser, as treasurer of the highway commissioners, and Piper, collector of the town of Iuka, to recover one-half of the road and bridge tax collected in 1899, within the limits of the incorporated village of Iuka, which lies wholly within the town of Iuka.

All the facts in the case necessary to its decision are stipulated; the village of Iuka claims half of said tax, and the town of Iuka denies its right to said half. The town of Iuka had adopted and was acting under the labor system, as authorized by section 80 of chapter 121, entitled, Roads and Bridges. Hurd's Statutes, page 1482, Ed. of 1899.

The following proposition of law was submitted to the court by appellant and was refused:

" That the road and bridge tax levied and collected under section 119, of chapter 121, of the Revised Statutes of the State of Illinois, within the corporate limits of the village of Iuka, by virtue of the tax levy of the commissioners of highways of the town of Iuka, as set forth in the

statement of facts in the case, belongs, one-half of the tax levied and collected within said village of Iuka to the village of Iuka, and the other half of the tax levied and collected from the property in the village of Iuka to the town of Iuka."

JOHN A. PHILLIPS and L. M. KAGY, attorneys for appellant.

KAGY & SMITH, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

As it is stipulated that the only dispute in this case is as to the right of the village to one-half of the tax levied within its limits for road and bridge purposes, and that this stipulation is for the purpose of submitting this legal proposition for decision, we will not consider the refusal of the court to allow the introduction of the record of the board of supervisors, offered by appellees for the purpose of raising the question of the legality of the entire tax levy for roads and bridges for that year. The question of the legality of the levy could not affect the legal issue which both parties have stipulated is the issue submitted to this court.

The amount in controversy is small, involving only the one-half of $75.80, but the decision of the question involves the construction of section 16, of said chapter 121, in connection with the entire statute contained in said chapter. The latter part of said section 16 provides:

" One-half of the tax required to be levied in sections thirteen and fourteen and collected for road and bridge purposes, on the property lying within an incorporated village, town or city in which the streets and alleys are under the care of the corporation, shall be paid over to the treasurer of such village, town or city, to be appropriated to the improvement on roads, streets or bridges either within or without said village, town or city, and within the township, under the direction of the corporate authorities of such village, town or city;   *   *   *   and provided further, that in all cities of thirty-five thousand inhabitants or upwards, all of said tax required to be levied and collected under said sections 13 and 14 within the limits of such city, shall be paid over to the treasurer of such city for city purposes."

If the part of this section above quoted applies to incorporated villages and cities in towns adopting the labor system, then the court erred in refusing to hold the proposition of law asked by appellant. If it does not so apply, the court did not err in refusing it. Section 80 of chapter 121 provides how towns may by vote adopt the labor system.

The sections from section 80 to section 123 contain provisions and regulations that apply to towns adopting said system.

Section 83 requires the commissioners in towns adopting the labor system, to ascertain how much money must be raised by tax on real and personal property for "making and repairing roads only," not exceeding forty cents on the $100, and provides that such tax collected on property within the limits of an incorporated village or city shall be paid to the treasurer of said village or city. Or, the corporate authorities of such village or city may direct that such tax shall not be collected in the village or city. This tax in the town outside of the limits of municipal corporations can be paid in labor under the supervision of overseers of highways in the road districts. People v. Suppiger et al., 103 Ill. 437.

It will be observed, that the half tax to be paid to the treasurer of an incorporated village or city, referred to in section 16, is not limited to a tax levied for making and repairing roads, but includes the taxes levied under sections 13 and 14. These taxes are "for road and bridge purposes and the payment of any outstanding orders drawn by them (the highway commissioners) on their treasurer, which levy shall not exceed forty cents on the hundred dollars." See section 13.

Also for an additional levy not to exceed forty cents on the $100, which may be raised under section 14, as provided for in said section. In such towns there is not a separate levy for "making and repairing roads only," and another levy for road and bridge purposes and for the payment of such other expenses as are incurred by the commissioners. One-half of all said tax collected from

property lying within the limits of an incorporated village or city is to be paid to the treasurer of said village or city.

Section 119 provides for the money tax to be raised in towns adopting the labor system. It includes money for the purchase of "materials for building, or repairing, or draining roads and bridges," and limits the amount to be raised for those and other purposes specified in the section, to forty cents on the $100. But this amount may be increased by vote at the annual town meeting by an additional forty cents on the $100, provided that such larger levy is required for "the purpose of constructing or repairing roads or bridges." The substantial difference between the taxes authorized to be collected under sections 83 and 119, and under sections 13 and 14, is that the tax for "making and repairing roads only," authorized by section 83, may be paid in labor. All other taxes embraced in these sections are to be paid in money.

If the position of appellees is correct, it follows that the money tax collected, under section 119, on property lying within an incorporated village or city, in a town adopting the labor system, for "the purchase of material for the building or repairing or draining of roads and bridges," and the increased tax "for constructing or repairing roads and bridges" that may be levied by vote at the annual town meeting, must all be paid to the treasurer of the commissioners, to be expended by them outside the limits of the village or city, even though the city may have a population of 35,000 or upward. As the law now stands the commissioners have no authority to expend it anywhere else. It was different under the law of 1879, which authorized a part to be expended in a city or village under the direction of the corporate authorities. Such a construction of the statute works an injustice. Municipal corporations have exclusive control of their streets, alleys and bridges. They must keep them in repair or be mulcted in damages if they fail to do so and persons or property are injured in consequence thereof. In this connection it is proper to call attention to the fact that the case of People v. Sup-

Village of Iuka v. Schlosser.

piger et al., 103 Ill. 434, cited by appellee, is not in point. This case was decided under section 122 of the act of 1879, which section declares that such tax—the road and bridge tax—" shall be paid to the treasurer of the commissioners of highways. It also provided that the commissioners may, in their judgment, expend such funds upon roads within the limits of any incorporated town, village or city, the same shall be done by and with the consent of the corporate authorities. Hurd's Statutes of 1880, p. 941.

This section does not appear in the act of 1883, the act now in force, the last section of which specifically repeals the act of 1879, excepting certain matters not pertaining to this case. Chap. 121, Sec. 124, Hurd's Statutes 1899, p. 1488.

It is fair to presume that when the legislature repealed the statute that specifically required all taxes for road and bridge purposes collected in towns adopting the labor system, that it did not act inadvertently or unintentionally. Such repeal leaves the taxes collected under section 119 without any direction as to whom they shall be paid, unless section 10 controls such payment. But if section 10 is to be construed with the sections succeeding section 80, why is not section 16 also to be so construed? If it is to be so construed, its provisos must also be given effect and they require the payment of one-half the road and bridge tax collected in an incorporated village or city to be paid to its treasurer. It is apparent that the provisions of the roads and bridges statute must be considered in their relations to each other. That is, the act must be construed so as to give effect, so far as possible, to each of its sections. It can not be said that the sections preceding section 80 do not apply to towns under the labor system. They do apply unless they are clearly inconsistent with sections succeeding said section 80.

The authority of the commissioners, their organization and the appointment of a treasurer, his duties, and the general provisions controlling roads and bridges, are all found in the sections preceding section 80, but they equally apply

to succeeding sections. It is said in P. & P. U. Ry. Co. v. The People ex rel., etc., 144 Ill. 470, in speaking of the roads and bridges act :

" In order to determine the intention of the legislature in the enactment of the proviso, the different provisions of section 16 and the remaining portions of the act must all be considered.".

It is a rule of construction that when several parts of a statute have a bearing upon the same subject, they must be construed together in order to arrive at a correct conclusion of the legislative intent in the different sections. Commissioners, etc., et al. v. Com., etc., 100 Ill. 631.

As to the tax provided by section 83 for " making and repairing roads only," which tax may be paid in labor, an incorporated village or city may direct the collector not to collect the tax so levied upon property within the limits of said village or city. If such tax is collected in the village or city in money, it is all to be paid to the treasurer of said village or city. Sec. 83, *supra.* It is clear then that this labor tax is not the tax referred to in the stipulation. If not the tax referred to, it is the tax authorized in section 119, for which no direction is given as to whom it shall be paid, unless such direction is found in section 16.

As the money tax authorized to be levied in section 119 is substantially for the same purposes as the tax authorized to be levied by sections 13 and 14, we conclude that it should be treated as the money tax is treated that is raised under these sections. The fact that a part of the tax levied in towns under the labor system may be paid in labor, is no reason why such towns should receive for their use, outside the limits of incorporated villages and cities, a money tax which towns not adopting the labor system do not receive.

In treating of the tax for opening or altering roads, the court say in P. & P. U. Ry. Co. v. People ex rel., *supra:*

" Why should the city expect any part of the tax with which to pay damages by reason of the opening, altering or laying out of new roads? To our minds the answer is obvious. The city is burdened with the entire expense of laying

out, improving, repairing, etc., all avenues of travel within its limits, whether they be called streets, boulevards, alleys or roads or highways, and of constructing and repairing bridges, culverts, etc., and it was deemed by the legislature unjust to burden it also with the expense incident to the highway system beyond its limits."

It would certainly be equally unjust to require incorporated villages and cities to pay a road and bridge tax, all of which was to be expended outside their limits, and to compel them also to maintain roads and bridges within their limits.

To take from one corporation a tax collected from property within its limits, and give it to another corporation to be used within its limits, is so manifestly unjust as to be sanctioned by the courts only when compelled to do so by statutes that are capable of no other construction. The legislative intent to enact such statutes can not be presumed but must be explicit and unmistakable. We think that an examination of the entire roads and bridge act, not only fails to show such an intent, but instead thereof shows an entirely different intent. We think that the repeal of section 122 in the law of 1879, leaves section 16 to be construed in connection with section 119. If this is not so, then not only the tax for the road and bridges purposes collected in a small incorporated village in a town where the labor system is adopted, must all be paid to the treasurer of the board of highway commissioners to be used by them outside the village, but all the tax for such purposes collected in a city of 35,000 or upward, must be so paid and so used.

This would be manifestly unjust, and it is a reasonable presumption that this is why section 122 of the act of 1879 is repealed by the act of 1883.

" In the construction of a statute, courts are not confined to the words used, but may regard the purpose, and when necessary to give effect to the meaning of the law, words may be rejected and others substituted." Perry County v. Jefferson, 94 Ill. 214; Anderson v. C., B. & Q. R. R. Co., 117 Ill. 26; P. & P. U. Ry. Co. v. People ex rel., 144 Ill. 470.

" In doubtful cases, if by giving a liberal construction to

a statute, it will be the means of producing great injustice, and lead to consequences that could not have been contemplated by the legislature, courts are bound to presume that the legislature intended no such consequences and give such a construction as will promote the ends of justice." Bryan v. Buckmaster, Breese, p. 410; People v. Canal Com'rs, 3 Scammon, 153.

It would be as unjust to take all the road and bridge tax from cities and villages in townships adopting the labor system, as it would be from townships not adopting the system.

As we have seen before, the law conferring authority and defining the duties of the commissioners are found in sections preceding section 80. If these sections and one part of section 16 are to be construed with the entire act, as they plainly must be, what reason is there for holding that another part of said section 16 must not be so construed ?

The sections following section 80, which authorizes the commutation of labor for money, are peculiar to towns which adopt the labor system. The provisions in these sections which require the collection of taxes in money for purposes for which money must be used, are not peculiar to these towns. Neither are they so inconsistent with the provisions in section 16, which direct how road and bridge tax, collected in municipal corporations, shall be paid, as to repeal these provisions. Repeals by implication are not favored.

In the absence, then, of any clause or section confining the operation of the provisions in section 16, referring to the road and bridge tax, to townships that do not adopt the labor system, we hold that they apply equally to all townships. Such construction accords with justice and equity and with the legislative intent, as shown in the entire act.

The judgment of the Circuit Court will be reversed, and judgment entered in this court for appellants for the amount claimed, namely, $37.90 and costs.