CHARLES S. ROBINSON, Appellee, *vs.* DOUGLASS L. McKEN-
NEY, Appellant.

*Opinion filed April 23, 1909.*

1. PLEADING—*when amendment to a sworn bill is properly al-
lowed.* A sworn bill by a tax-payer of a certain township to re-
strain the county clerk from extending a road tax may properly
be amended by allowing the complainant to allege that the county
is under township organization and that the township in question
is operating under the "cash system," where such allegations are
mere statements of undisputed facts.

2. TOWNSHIP ORGANIZATION—*electors at town meeting cannot
levy ordinary road and bridge tax.* The power to levy the road
and bridge tax provided for in sections 13, 14 and 83 and in the
first part of section 119 of the Roads and Bridges act rests in the
highway commissioners independently of the electors at the annual
town meeting, and the latter do not have concurrent power to levy
such taxes but only to direct the levy of additional taxes to the
extent allowed by law.

APPEAL from the Circuit Court of LaSalle county; the
Hon. EDGAR ELDREDGE, Judge, presiding.

This is a bill for injunction, filed in the circuit court of
LaSalle county by appellee, a tax-payer of the township of
Dimmick, in said county, to restrain appellant, as county
clerk, from extending upon the tax collector's books of said
township certain taxes for the repair of roads. Appellant
filed a general demurrer, and upon the bill being amended
filed a demurrer to the amended bill, which was overruled
and a decree entered restraining the extension of the taxes
in question. From this decree the county clerk appeals.

It appears that the county of LaSalle is under township
organization and that the township of Dimmick is operating
under the "cash system" as to roads and bridges. Septem-
ber 4, 1908, the town clerk of that township filed with the
county clerk a certificate that the commissioners of high-
ways had filed with said town clerk a certificate that they
would require sixty cents on each $100 for road and bridge

purposes. The town clerk at the same time filed with the county clerk a certificate to the effect that on the first Tuesday of April, 1908, the electors of said town, in pursuance of authority given by section 3 of article 4 of the Township Organization law, elected to raise for the year 1908, by taxation on all the taxable property, for repairing with gravel four roads, $2000; price of gravel and shoveling, $300; for per diem of officers and election expenses, $200, making a total of $2500. The court restrained the collection of taxes for the first two items above named, authorized at the town meeting.

COLEMAN & COLEMAN, for appellant.

GEORGE P. HILLS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The trial court, over the objection of appellant, permitted appellee to amend his bill by adding thereto allegations to the effect that LaSalle county is, and has been for years, under township organization, and that Dimmick township is, and has been for years, operating under the "cash system" in providing for maintaining its roads and bridges, and that section 119 of chapter 121 of the Revised Statutes is not in force in said township. Appellant insists that the court erred in allowing this amendment, claiming that no reasonable excuse was offered for not inserting the facts in the original bill. When a bill is sworn to, the right to amend does not exist as a matter of course. (*Nelson* v. *Randolph,* 222 Ill. 531.) While greater caution should be exercised in regard to amendments to sworn bills than to those not under oath, amendments to pleadings in chancery are regarded as peculiarly within the discretion of the trial court, and the right to grant such amendments has usually been liberally exercised in the furtherance of justice. (*Gregg* v. *Brower,* 67 Ill. 525.) The added averments

which constituted the amendment in this case did not in any manner contradict what had previously been sworn to, and were only statements of facts of the truth of which there was no question. The court did not err in allowing the amendment.

The chief contention of appellant is that the tax (being the sixty cents on each $100 of property provided for in section 13 of the Road and Bridge law, hereafter set out in full,) was properly levied by the electors at the town meeting under authority granted in paragraph 3 of section 3, article 4, of the Township Organization act, (Hurd's Stat. 1908, p. 2146,) which reads, in part, as follows: "To direct the raising of money by taxation for the following purposes: First, for constructing or repairing roads, bridges or causeways within the town, to the extent allowed by law." The highway commissioners took no part in levying this tax. A brief review of some of the legislation with reference to roads and bridges and townships will assist in deciding upon the proper construction of the statutes in question.

In 1861 the legislature passed an act to reduce the act to provide for township organization, and the several amendments thereto, into one act. This act included substantially all the law with reference to roads and bridges and the methods of raising the money to construct and repair the same, (Laws of 1861, p. 216,) and, with a few amendments, remained in force until after the present constitution was adopted. In 1873 and 1874 the legislature attempted, by three separate acts, to cover all the subjects concerning township organization and the construction and repair of roads and bridges, formerly included in the one act. On April 18, 1873, an act was passed touching roads and bridges in counties not under township organization, (Rev. Stat. 1874, p. 933,) but as LaSalle county is under township organization, the provisions of this act, and its amendment in 1887, need not be considered. April 11, 1873, the legislature passed an act in regard to roads and bridges in coun-

ties under township organization. (Rev. Stat. 1874, p. 913.) With said two complete acts as to roads and bridges in force, the legislature, on March 4, 1874, passed a complete act as to township organization, which is in most respects substantially the same as the present law, and the provision above quoted from article 4 as to the power of the electors present at the annual town meeting to direct the raising of money for constructing or repairing roads and bridges within the town was enacted with the identical language above quoted and is still in force. (Rev. Stat. 1874, par. 40, p. 1071.)

Section 16 of the act of April 11, 1873, with reference to roads and bridges in counties under township organization, provided: "The commissioners of highways shall assess a road tax on all real estate and personal property liable to taxation of the town, to any amount they may deem necessary, not exceeding forty cents on each $100 worth, as valued on the assessment roll of the previous year," etc. Section 120 of said act provided, among other things, that "the highway commissioners of each town shall, annually, ascertain, as near as practicable, how much money must be raised by tax on real and personal property for the making and repairing of bridges, the payment of damages by reason of the opening, altering and laying out of new roads, the purchase of the necessary tools, implements and machinery for working roads, the purchase of the necessary material for building or repairing roads and bridges, the pay of the overseers of highways during the ensuing year; and shall levy a tax on all the real and personal property in said town, not exceeding forty cents on the $100: * * * *Provided,* that if the commissioners of highways, or any three legal voters, shall give notice, by posting notices in at least three of the most public places of the town, at least ten days before the annual town meeting, that a larger amount of money will be required for the purpose of constructing or repairing roads or bridges in their town than can be realized

from the real and personal property tax authorized by law to be assessed by the commissioners, the legal voters present at such meeting may authorize an additional amount to be raised by tax, not exceeding sixty cents on each $100 valuation, and said board shall cause the same to be extended on the tax books."

This court has held that the tax under said section 16 was a labor tax, payable on roads and highways, while the tax under said section 120 was a money tax for the making and repairing of bridges, etc., and that the two taxes were separate and distinct. (*Mee* v. *Paddock,* 83 Ill. 494; *Commissioners of Highways* v. *Newell,* 80 id. 587.) This act as to roads and bridges in counties under township organization was completely revised by an act in force July 1, 1877, (Laws of 1877, p. 178,) and again by an act in force July 1, 1879, (Laws of 1879, p. 258,) and for the third time by an act approved June 23, 1883. (Laws of 1883, p. 137.) While this last act has been amended in some particulars, so far as the questions here under discussion are affected it is still the law of the State. (Hurd's Stat. 1908, p. 1830.) Under this act, for the first time, two complete systems for repairing and constructing roads in counties under township organization were provided,—one commonly known as the "cash system" and the other as the "labor system." This court has held that these two systems are entirely distinct, and that some of the sections of this act are applicable only to townships operating under one system and other sections only to townships operating under the other system. (*People* v. *Kankakee and Southwestern Railroad Co.* 218 Ill. 588.) Sections 13 and 14, (Hurd's Stat. 1908, p. 1833,) which apply only to the cash system, read as follows:

"Sec. 13. The commissioners shall also meet semi-annually on the same day and at the same place of meeting of the board of town auditors. At the meeting immediately preceding the annual meeting of the county board the com-

missioners shall determine what per cent of tax shall be levied on the property of the town for road and bridge purposes and for the payment of any outstanding orders drawn by them on their treasurer, which levy shall not exceed sixty cents on each $100.

"Sec. 14. If, in the opinion of the commissioners, a greater levy is needed in view of some contingency, they may certify the same to the board of town auditors and the assessor, a majority of whom shall be a quorum, and with the consent of a majority of this entire board given in writing, an additional levy may be made of any sum not exceeding forty cents on the $100 of the taxable property of the town."

Section 83 of said act, (Hurd's Stat. 1908, p. 1847,) reads, in part, as follows: "The commissioners of highways of each town shall annually ascertain, as near as practicable, how much money must be raised by tax on real and personal property, * * * for the making and repairing of roads only, to any amount they may deem necessary, not exceeding forty cents on each $100 worth," etc. Section 119 of this act, (Hurd's Stat. 1908, p. 1851,) so far as it bears on the present case, is in substantially the same language as that part of section 120 of said act of April 11, 1873, quoted above, except that the additional amount which the town meeting may authorize is forty cents on the $100 instead of sixty cents. Said sections 83 and 119 each apply only to the so-called "labor system." This court has had under consideration these sections as they stood in said acts of 1877 and 1879, as well as in the present act, in *People* v. *Suppiger,* 103 Ill. 434, *Wabash, St. Louis and Pacific Railway Co.* v. *Binkert,* 106 id. 298, and *Ohio and Mississippi Railway Co.* v. *People,* 119 id. 207.

It is clear from these decisions that the tax provided for in section 83 of the present law is a road tax, separate and distinct from the tax provided for in said section 119, and that the distinction as to the tax in these two sections is sim-

ilar to that in the tax in said sections 16 and 120. The uni-
versal practice has always been, since 1873, to construe the
Road and Bridge law in counties under township organiza-
tion as giving authority to the highway commissioners to
levy, under said sections 16 and 120 of said act of April 11,
1873, not exceeding forty cents on the $100 assessed valu-
ation, (as also under sections 83 and 119 of the present
act,) without any sanction by the electors at the town meet-
ing, and the practice has also been universal to construe said
sections 13 and 14 as giving authority to the highway com-
missioners to levy taxes thereunder without the sanction of
the electors in the town meeting. In the numerous deci-
sions that have been rendered in this court in construing the
various sections of the Road and Bridge law, this authority
of the highway commissioners has never been questioned
or doubted.

Counsel for the appellant concede that this is the proper
construction of the Road and Bridge law, but contend that
the electors at the town meeting have concurrent jurisdic-
tion with the highway commissioners to levy such road and
bridge taxes. We do not think this was the legislative in-
tention. Manifestly, when the legislature passed the Town-
ship Organization act in 1874 and provided that the electors
in town meeting should have authority to raise money by
taxation for constructing and repairing roads and bridges
within the town "to the extent allowed by law," it had in
mind the two previous acts passed, regulating and controll-
ing the construction and repair of roads and bridges. It did
not intend by said Township act to give independent and
concurrent authority to the voters at the town meeting to
levy any or all taxes for making and repairing roads and
bridges, but only to give them authority to direct a levy of
taxes "to the extent allowed by law,"—that is, in accordance
with the specific provisions of the Road and Bridge law em-
powering the town meeting to direct the levying of a tax
under certain conditions and limitations, such as that in-

cluded in that part of section 120 of the act of April 11, 1873, which stated, as does section 119 of the present law, that if the commissioners of highways, or any three legal voters, give certain notice, the legal voters present at the town meeting may authorize the levying of an additional tax. We think it is evident that when this Township act was passed in 1874 the legislature did not intend to give the voters at the town meeting authority to levy the tax provided for under said section 16 of said act of April 11, 1873, or to levy the forty cents tax provided for in the first part of said section 120 of said act. It therefore necessarily follows that said Township act does not give authority to the voters at the town meeting to direct a levy of the taxes provided for under said sections 13, 14 and 83 of the present law, or the forty cents provided for in the first part of said section 119.

This conclusion finds strong support from the reasoning of this court in cases heretofore decided. In *Mee* v. *Paddock, supra,* this court, in discussing the law as it was in force in 1874 and the two taxes that could be raised under said sections 16 and 120 of said act of April 11, 1873, said (p. 497) : "There is thus a limitation, in amount, of both these taxes to forty cents on the $100, except that the latter, by vote of the electors in town meeting, may be increased to the additional amount of sixty cents on the $100." This court again had under consideration the law as it stood in 1874 in *Town of Lemont* v. *Singer & Talcott Stone Co.* 98 Ill. 94, and in discussing the section of the Township law relied on by the appellant, in connection with the Road and Bridge law, stated (p. 103) : "The question then arises, what is the extent to which a town meeting may levy taxes for such purposes, under the law as it then existed? The 120th section of the Road law (Rev. Stat. 932,) authorizes the road commissioners to levy not exceeding forty cents on the $100 valuation of property, and if that is thought by

them not to be sufficient, the town meeting is authorized to levy an additional amount, not exceeding sixty cents on the $100 of valuation." Section 120 of the Road law referred to above is found on page 932 of the Revised Statutes of 1874, and is section 120 of said Road law of April 11, 1873, heretofore set out, in part, in this opinion. In the recent case of *People* v. *Kankakee and Southwestern Railroad Co.* 237 Ill. 362, this court, in discussing a road tax as to the town of Otto, which was operating under the "cash system," stated (p. 364) : "At the town meeting in 1907 the voters of the town of Otto, being under a misapprehension as to their power, adopted a motion levying a road and bridge tax additional to the sixty cents on the $100." The sixty cents referred to was that authorized by said section 13 of the Road and Bridge law. Some reasoning is found in *Thatcher* v. *People,* 79 Ill. 597, which tends to support the contention of appellant herein, but what is said in that case on this point is not in harmony with the later cases heretofore cited.

The further contention is made by the appellant that the courts will not restrain the extension of a tax unless it is wholly unauthorized and void in all its parts, as was held in *Ottawa Glass Co.* v. *McCaleb,* 81 Ill. 556. The rule laid down in this last case is correct, but in the case at bar (as in the case of *Cox* v. *Hawkins,* 199 Ill. 68,) the tax restrained was "wholly unauthorized and void in all its parts," and can be separated without difficulty from that part of the road and bridge assessment which is valid. See, also, on this point, *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 212 Ill. 518.

The decree of the circuit court will be affirmed.

*Decree affirmed.*